Gabland, J.
delivered the opinion of the court.
This suit is brought to recover the value of a slave, two mules, a cart, and damages for the loss of them. The plaintiff says, that by the negligence and mismanagement of the engineer or conductor of one of the steam cars, in use in the year 1834, on the railway belonging to the defendant, it was run against the cart of the plaintiff, which was broken to pieces, the mules killed, and the slave so badly wounded, that he died soon after. The defendant pleads a general denial. The case was tried by a jury, and by agreement, a verdict was rendered by a majority of the jurors, as follows: “ Seven persons out of twelve find a verdict in favor of plaintiff, in the sum of one thousand dollars.” A new trial was asked for and refused, and an appeal taken.
We generally give much weight to the verdict of juries on matters of fact, but to a verdict rendered under the circumstances in this case, very little regard is to be attached.
Mr. Percy, a witness for the plaintiff, says he was present when the accident occurred. The cart was crossing the railroad, and was driving unusually fast. There was a great noise on the road at the time, and the car was going fast. The slave made every exertion to get clear. lie was under the impression the car might have been stopped. The mules were on the middle track when the steam car was about one hundred and fifty feet off. The car was coming from the lake, about three or four o’clock *in the afternoon. He [864] heard persons telling the boy to get away, but he was frightened. Thinks a small train of cars could have been stopped; there was an ascent at that part of the road, and a large train behind. The car that day was going unusually fast.
Pierre Latran, another witness for the plaintiff, gives a nearly similar account as to the manner the accident occurred, but says that he is positive the ear was not going with greater velocity than on other days, though it was going with great force. The mules were out of the track, were frightened, and backed, when the car- struck the cart, and knocked it under the shed. Says the engineer made no effort to stop the car.
J. W. Stilwell, a witness for the defendant, was present when the cart was run over. When he first saw the engine, it was about one hundred feet off, coming up the railroad, the slave and cart about equi-distant from the point where they came in contact. A number of persons were present, and there was a universal shout to tho boy to stop. He could have stopped, but kept on. As soon as the cry was given, the engineer stopped the safety-valve, and put his whole weight on the stop or brake of the car. The car was going very rapidly, but it is the opinion of witness the accident did not occur by the fault of the engineer, but by the fault of the negro. He was one hundred feet off when he was told to stop. The witness thought at the time the slave was drunk, and has always been of that opinion.
*223 M. W. Hoffman, Esq., was also present at the time. His testimony coincides very nearly with that of Stilwell. The negro was told to stop, and not to cross the road before the engine. One of the officers of the railroad company told him to stop. He flourished his whip, and made a dash to get across, hut the negro and mules appeared to ,be arrested by fright, and the engine came against the hind part of the cart, and threw it, with the driver and mules, alongside the track. Thinks the boy could have stopped the mules in time to have prevented the accident, or have turned them aside. He must have seen the engine approaching. Thinks there was no imprudence [365] on the part of the engineer. The car was not coming faster than usual, at the rate of about fifteen miles per hour.
Hpon the evidence before us, we cannot agree with the majority of the jury, in the conclusion to which they have come. Although we consider it indiscreet in the defendants to run their cars in a crowded street, at the rate the one in question was going, still as it was not unusual, according to the testimony of three of the four witnesses, and as great presumption and folly are proved on the slave of the plaintiff, we cannot agree to affirm the judgment. The charge of negligence and mismanagement against the engineer or conductor is not proved, without which the plaintiff cannot expect to recover, in a ease where it is proved to have been on the side of his servant.
The judgment of the district court is therefore annulled, avoided and reversed, and judgment given in favor of the defendants, with costs in both courts.