### Gilbert B. Shaw et al. v. Jerome Howe et al.

1. . VOLUNTARY ASSIGNMENTS—*Order to Convey to a Third Person upon Discontinuance, Void.*—Upon a discontinuance of proceedings under a voluntary assignment, the court has no power to order the assignee to transfer the assigned property to a third person who has bought up a majority in number and amount of the claims of the creditors, and such order is void as to all creditors who do not consent.

**Voluntary Assignments.**—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1896. Affirmed in part and reversed in part. Opinion filed November 5, 1896.

MORAN, KRAUS & MAYER, attorneys for appellants.

JOHN M. HAMILTON, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
This is an appeal from an interlocutory order appointing a receiver.

The record shows that one S. A. Kean made an assignment for the benefit of his creditors to one B. J. Jacobs. That Jerome Howe and Arthur Hill, the appellees, were creditors of Kean.

That the assets of Kean, amounting to several hundreds of thousands of dollars in value, were being administered by Jacobs under the direction of the County Court of Cook County; that the debt to the appellees was established against Kean—all as the statute concerning such assignments directs. .

Then Kean and Warren made an agreement by which Warren agreed to buy claims against the estate of Kean, and was to be paid $25,000, and when he was repaid he was to transfer so much of the estate as was undisposed of, to parties named in the agreement. Then on the petitions of Kean, Jacobs and a majority in number and amount of the creditors of Kean, the County Court ordered Jacobs to transfer the assets to Warren, which was done, and the proceedings in the County Court discontinued. The appellees were not among the petitioning creditors.

We can take neither time nor space to give more in detail the transactions. Leaving out of consideration all the harsh language in the bill and amendments by which the appellants are charged with fraud, we understand that the Supreme Court holds, in Howe v. Warren, 154 Ill. 227, as explained in Terhune v. Kean, 155 Ill. 506, in treating of these transactions, that this method of removing the assets beyond the reach of non-consenting creditors is fraudulent *per se*, entitling such creditors to follow the assets through the aid of a receiver.

If any of the appellants have any of such assets, or specific proceeds, retaining individual identity, of such assets, in their possession, they can turn them over to the receiver. If they have wrongfully converted them, they can be made accountable on a final decree. Butler Paper Co. v. Robbins, 151 Ill. 588.

So much of said order as requires any of the appellants to surrender to the receiver whatever at any time may have

been in his or their possession or control, or the value thereof, is reversed; the residue is affirmed. Reversed in part and affirmed in part.

Mr. Justice Waterman.

As I read the answers, all of the complainants' charges of fraud are denied by the answer; I am, therefore, unable to see how the unsustained allegations of the bill can afford ground for the appointment of a receiver.