No. 12,854.

GEORGE WEBSTER VS. NEW ORLEANS CITY AND LAKE RAILROAD COMPANY.

51  299
52  813

| 51 | 299 |
|106 | 237 |

| 51 | 299 |
|114 | 975 |

SYLLABUS.

One who heedlessly attempts to cross ahead of a car, properly manned, if injured, has no one to blame but himself.

The motorman was not at fault and none of the negligence charged by plaintiff was shown.

He exercised reasonable care to avoid the injury. He paid proper attention, saw the danger, and gave notice or warning and did all he could to stop his car.

There was nothing out of repair about the car or the track, nor anything lacking to increase the danger in which plaintiff, the testimony shows, placed himself.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

---

*H. O. Hollander, O. N. Ogden* and *S. S. Jones* for Plaintiff, Appellant.

---

*Denegre, Blair & Denegre* for Defendant, Appellee.

Argued and submitted January 13, 1899.
Opinion handed down January 23, 1899.
Rehearing refused February 6, 1899.

The opinion of the court was delivered by

BREAUX, J. This was an action for damages arising from injuries sustained by plaintiff on Canal street on the 13th day of November, 1895. The charge is that he was struck on that day by one of the electric cars of that company. He was walking along the neutral ground between Royal and Bourbon streets, and by the blow received his left leg was fractured. He was, in consequence, confined to the Charity Hospital, where he suffered great mental and physical pain.

He had not entirely recovered from the effects of the blow at the date of trial.

At the place plaintiff was injured, there was a switch, and as the car came from the switch on the main track, the fender of the car projected over the path.

Plaintiff avers that the projection from the car struck him while he was walking on the path; that the evidence shows from his position before and after he was struck, he could not have been on the track in front of the car and that he was on the neutral ground.

He charges that the company by this projecting fender of the car became a trespasser; that he had a right to be on the neutral ground or path, along which he was walking, and that he supposed himself in safety at a point beyond the ordinary projection of all electric cars which passed along the track and that he was not guilty of negligence; that defendant's employe should have guarded against the danger at the point at which he was when he was struck.

He also charges that the defendant was guilty of gross negligence by not having a trolley wire over the switch, thus cutting off the power by which the motorman could have reversed his motor and stopped the car quickly and prevented the accident.

The evidence shows that plaintiff is a worthy and excellent man; advanced in years, and that his hearing is a little dull; that he has a gift of invention as a mechanic, and is deserving of sympathy and good will.

The other witnesses testified that plaintiff was not walking on the neutral ground, but that he was walking on the track in front of the car.

Henry Taliaferro said that he was on defendant's track; that he halloed to him to get out of the way, but that plaintiff did not hear him. Michael Carroll, motorman of the colliding car, testified to the sounding of the gong as his car was advancing; that he saw plaintiff ahead; that he did all in his power to stop the car; that he put on the brake as soon as he saw that plaintiff was in danger.

The following are questions propounded to him, and his answers:

"Q.—You say that when you first saw this old gentleman, he was walking in the space between the Canal and Claiborne track, and the track which you were to come in on?

"A.—Yes.

"Q.—Was he clear of the track when you first saw him?

"A.—Yes, he was perfectly clear of the track.

"Q.   Then I understand you to say that when you were almost on him he stopped on your track?

"A.—Yes, he never looked where he was going.

"Q.—Answer my question—you saw him swinging around to go on your track?

"A.—Yes, and I did all in my power to save him.

"Q.   What did you do to save him?

"A.—I rang my bell and turned the brakes.

"Q.—Did they act nicely?

"A.—Yes.

He also testified that immediately after the fender of the car struck plaintiff, he jumped out and caught him before he fell.   The car was running slowly, and stopped immediately after plaintiff was struck. He also said that the woodwork of his car projected over the track about a foot each side of the rail.   The neutral ground near the track is five feet, six inches wide, and in order to get to the Esplanade street car he wished to board, he had to cross the car track of the defendant company.

James Callahan, another witness, who was on the platform of defendant's car, corroborates the testimony of Carroll.

Hingle, the conductor, said that the motorman sounded the gong continuously.   Fagan corroborates the other witnesses about the signals given, the slow movement of the car, and the stop made immediately after the accident.

He does not, by his testimony, show that plaintiff was not walking in front of the car.

The court pronounced judgment for defendant, rejecting plaintiff's demand.

Plaintiff prosecutes this appeal.

Plaintiff, we think, in good faith believes, that he was not in front of the car at the time the accident happened. But he is not in this particular sustained by the testimony of the other witnesses.

It may be that plaintiff failed to hear the signal given, and that he was absent-minded at the time, as men of his age will be who devote many of their moments to particular subjects, (as in this case in constructing and inventing new devices and appliances), and that, in that condition, he erred as to the place or precise spot of the accident.

Be it as it may, the preponderance of the testimony does not sustain his contention on this point. This was the opinion of the District Judge who heard and saw the witnesses, and it is ours after a careful reading of the testimony as taken and brought up in the transcript.

Upon this particular point, the place where the plaintiff was walking, only facts present themselves for consideration. The facts do not show that plaintiff was where he claims he was, but, on the contrary, they prove that he was walking in front of the car.

The view at which we have arrived disposes of the questions argued at bar, on the theory that plaintiff was walking as he alleged and urged on the neutral ground.

Plaintiff presented other issues for our determination which have a bearing upon the case, whether plaintiff was walking on the front of the car or on the neutral ground. He charged that the defendant was guilty of gross negligence by not having a trolley wire over the switch so that the motorman might have controlled and reversed his motor, and stopped the car quickly, and thus prevented accidents.

The testimony does not show that this reproach is well founded. It discloses that the car was running slowly and that it was almost instantly stopped.

The motorman says "that he was within a foot of him (plaintiff) when he stepped in danger."

The facts shown by other witnesses in the main corroborate the statement. As the car was stopped immediately after the blow, it does not appear to us that there was anything wanting to effect a prompt stoppage of the car. The power, when the accident occurred, had not been turned on, and therefore, the car readily yielded, as we appreciate, to the effect of the brakes.

There was, it was made evident, no difficulty in stopping it.   We are not led to infer from the testimony that on this particular occasion the danger to the plaintiff was greater because the defendant did not have any trolley wire on the switch.

The burden of proof was on plaintiff.   He failed to establish that there was anything out of order about the car, or that any device was wanting, or that the motorman was at fault.   The record does not disclose the condition for which the plaintiffs contended, and there remains, in consequence, but one alternative, that is, to affirm the judgment.   It is true that one on foot has a right to cross the street where he pleases, provided he exercises the right with due caution.   It is his duty to use due care.   It was negligence *per se* for plaintiff to attempt to cross ahead of a car under circumstances disclosed by the record.

The judgment is affirmed.