No. 13,554.

EDMOND KIRD VS. NEW ORLEANS AND NORTHWESTERN RAILROAP . COMPANY.

SYLLABUS.

1. The exception of no cause of action (demurrer) admits, for the purpose of the trial thereof, the truth of the averments of the petition.

2. Conceding the matters of fact alleged, this plea tenders the issue, on the face of the petition, that no case is presented entitling the plaintiff in law to recover.

3. Cotton on a railway platform, at a station, is presumed to be in the company's custody and care, and responsibility for the manner in which it is placed or piled on the platform is presumed to rest on the company. The burden of rebutting this presumption is on the company, if it may be rebutted at all.

4. Cotton in bales piled upon a platform in such way that the bales project over the same towards the railway track, so that they become an obstruction to passing trains, is manifestly carelessly stored.

5. It is gross carelessness and negligence to construct a platform so near a railway track that cotton piled properly upon it becomes an obstruction to passing trains.

6. It was gross negligence on part of the engineer of the train to have endeavored to pass on his way when it was evident that the proximity of the cotton to the track, as piled on the platform, would result in the train striking the same. A prudent course to pursue would have been to have delayed his train until the obstruction was removed.

7. Human life and limb weigh more in the scales of consideration than do the dispatch and speed of railway trains.

8. Where the arm of a passenger was projecting from a car window and was injured by one of the bales from the platform faling upon it, it is a question to be determined from the evidence, under all the circumstances of the case, whether or not this was negligence on part of the passenger barring recovery.

APPEAL from the Fifth Judicial District, Parish of Morehouse— *Potts, J.*

*E. Tyler Lamkin* and *W. F. Millsaps* for Plaintiff and Appellant.

*H. Flood Maddison* and *Lazarus & Luce* for Defendant and Appellee.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiff appeals from a judgment dismissing his suit on exception of "no cause of action."

It is a familiar rule of practice that this exception (demurrer) is held to admit, for the purpose of the trial thereof, the truth of the averments of the petition.

Conceding the matters of fact alleged, this plea tenders the issue, on the face of the petition, that no case is presented entitling the plaintiff, in law, to recover.

The case here presented, epitomized, is as follows:—

Plaintiff's wife took passage on defendant's company's train at the village of Oak Ridge, in the Parish of Morehouse, and entered one of the coaches.

A window was at the end of the seat she occupied. This window was open, and seating herself by it the lady rested her arm upon the sill of the window.

Immediately thereafter the train resumed its journey and before it had proceeded 200 feet the locomotive, or one of the cars in advance of the one in which this passenger was, struck, in passing, some bales of cotton that had been placed or piled upon defendant company's platform erected at that station for the reception and shipment of cotton and other produce.

This impact disturbed the balance of one of the bales, it toppled and fell on and towards the train just as that part of the car in which the wife of plaintiff was seated passed that point.

The bale of cotton in thus falling struck the arm of the passenger, breaking it above and below the elbow and otherwise injuring her.

Gross carelessness and negligence on part of the defendant and its employees is charged in thus constructing, maintaining and using for its business a platform unusually and dangerously near the railway track or road-bed, and in depositing or permitting cotton to be deposited and piled on the same in such way as to project over the platform towards the track and thus come in contact, as an obstruction, to passing trains.

It is further charged that shortly after this accident the defendant caused the platform, or the portion thereof nearest the road-bed, to be removed.

The character and extent of the injury sustained, suffering undergone, quantum of damage, etc., are set forth.

Trial by jury was asked and allowed.

The first contention advanced on behalf of defendant is:—

That the petition does not disclose that the cotton which was on the platform was received by defendant, or was in its care or under its control at the time of the accident.

This is overthrown by the clause of the petition which alleges that "before said train had proceeded 200 feet the locomotive, or some of the front coaches, struck one or more bales of cotton *which had been deposited on a platform built by defendant company for the reception and shipment of cotton."*

Here is an averment which charges the platform to have been erected by defendant, belonged to defendant, was used in its business by defendant. Also that on this platform the cotton in question had been deposited, and it follows that it had been deposited by order or permission of defendant's agent and for shipment over defendant's lines. Found on that platform the cotton is to be considered as having been in its custody and care, unless otherwise shown by the proof, and for the manner in which it was placed or piled and suffered to remain on the platform the responsibility, it would seem, rests upon defendant.

The next contention is:—

That the petition does not disclose how the cotton was placed or stored upon the platform, whether properly or carelessly.

This has even less merit, for the petition charges that the cotton piled upon the platform *projected over the same towards the railway track.* If it did, so much as to be an obstruction to passing trains, it was manifestly "carelessly" stored.

Another contention is:—

That the petition does not disclose there was anything wrong or defective, or what was wrong or defective, in the construction of the platform.

How can this be gravely argued when it is distinctly averred that the accident to plaintiff was occasioned by the gross carelessness and negligence of defendant in constructing the platform "dangerously and unusually near the track"?

But the main contention is:—

That the petition charges the cotton, in falling, struck the arm of complainant's wife, "which was then lying or resting on the window sill of said car window."

TERM OF 1900-1901. 229

Kird vs. N. O. & N. W. R. R. Co.

It is insisted that the position of the lady's arm shows contributory negligence, barring recovery, and the proposition appears to be supported by the following authorities:

78 Va. 645 (49 Am. Rep. 388); 5 Bush, 1 (96 Am. Dec. 320); 29 Ind. 82 (92 Am. Dec. 336); 3 Allen, 18; 56 Penn. St. Rep. 294; 39 Md. 329 (17 Am. Rep. 568); 12 N. Y. 236 (64 Am. Dec. 502); 7 Allen, 208; 42 Penn. St. Rep. 186, and others.

On the other hand, many authorities appear the other way, of which the following are some:

21 Penn. St. Rep. 203; 17 Wis. 487; 51 Ill. 333; 9 Harris (Pa.) 203; 92 Penn. St. 475; 39 Mo. 474; 37 Mo. 539; 34 La. Ann. 146; 58 Ill. 272. And to these must be added the authority of Mr. Wharton, who, in his "Law of Negligence," Sec. 362 (2nd ed.), indicates, by his comments on decisions which hold the contrary view, what his own opinion is.

While not now passing directly upon the point raised and reserving opinion thereon until such time as the case on its merits may be before us, we incline to this view:—

That a passenger who rests his elbow on the sill of an open window in a railway car is not guilty of any want of ordinary care, in the absence of notice, or warning, not to do so, or of information which should reasonably lead him to apprehend danger or injury.

Whether this passenger merely rested her elbow on the window sill, projecting out perhaps not more than an inch, or whether she had her arm full length out of the window at the time of the accident, is a matter of proof. If the latter, it might well be she was guilty of such negligence as to bar recovery.

So, where the arm of a passenger was projecting from a car window and was injured, it is a question for the jury, under all the circumstances of the case, to say whether this was negligence on the part of such passenger barring recovery. Spencer vs. Milwaukee R. R. Co., 84 Am. Dec. 758.

But even the contributory negligence of the plaintiff will not exonerate defendant if the latter, by the exercise of proper care, could have avoided the injury which is the subject of the action.

Louisville R. R. Co. vs. Collins, 87 Am. Dec. 486.

Here, it seems to us that the proximate cause of the accident was the storing or piling of the cotton upon the platform in a careless manner, and that if proper care in this regard had been observed the injury to plaintiff's wife would not have occurred.

Again, while the train was stopping at the station at which plaintiff's wife boarded the car, this obstruction to the free passage of the train must have been plainly visible to the engineer of the train, for it was not over 200 feet away and ahead of his locomotive.

It would appear, then, to have been gross negligence on his part to have endeavored to pass on his way when it was evident that the proximity of the cotton to the track, as piled on the platform, would result in the train striking the same. A prudent course to pursue would have been to have delayed his train until the obstruction was removed.

. Human life and limb weigh more in the scales of consideration than do the dispatch and speed of railway trains.

: The impression made on the court, in this preliminary review of the case, is that the negligence of this passenger, supposing her elbow only to have been resting on the window sill, is remote compared with that of the defendant company in permitting cotton received by it for shipment to be so placed on its platform as to be struck by the passing train, and in attempting to pass the train on its way with this obstruction in full view of the engineer, supposing that to have been the case. R. R. Co. vs. Pondrum, 51 Ill. 333.

We are not apprised by the pleadings whether the time of the accident was day or night, and this but emphasizes the necessity for a trial of the case on its merits when all the facts may be brought out.

The judgment dismissing plaintiff's suit on the exception filed is erroneous, and, accordingly, it is ordered, adjudged and decreed that the same be avoided and reversed and the cause be remanded to the court *a qua* for further proceedings according to law—costs of this appeal to be borne by defendant and appellee.

Rehearing refused.