## SALMON *v.* CITY ELECTRIC RAILWAY COMPANY.

The proposed amendment was germane and material, and the objection to it as a whole should have been overruled; and the petition, so amended, stating a cause of action, was good as against a general demurrer.

Argued January 23,—Decided February 21, 1906.

Action for damages. Before Judge Hamilton. City court of Floyd county. May 10, 1905.

*McHenry & Maddox,* for plaintiff.
*Denny & Harris,* for defendant.

BECK, J.　This was a complaint against a street-car company for personal injuries. The plaintiff alleged in substance as follows: He was riding on the back platform of one of defendant's cars, engaged in smoking, it being a rule of the defendant company that all smokers should occupy that portion of the car; and while standing there he projected his head two or three inches beyond the side line of the car for the purpose of expectorating, when it came in violent contact with a pole which the company had placed very near the track, and he was severely injured. The defendant filed a general demurrer to the petition, but before it was passed on by the court the plaintiff offered an amendment, in which it was alleged, that the conductor knew of his presence on the platform but did not warn him of the line of poles that the defendant company had erected very close to the track—much closer than it is customary for railroads of this character to erect them; and that there was no guard or gate to keep defendant from protruding his head beyond the line of the car. He also alleged that it was a rule of the company that no one should spit on the floor of the car or platform. The demurrer was sustained, the amendment disallowed, and the petition dismissed. The plaintiff excepted.

It was manifest error for the court to hold that the plaintiff in this case was, as a matter of law, so lacking in care and caution that he was precluded from recovering damages for the injury sustained. What the jury may find when the case is submitted to them under proper instructions we do not know. If the plaintiff supports the allegations of his petition and the amendment thereto by evidence, the question as to whether he is entitled to recover against the company is eminently one of fact, to be determined from all the facts and circumstances of the case. It appears that the plaintiff was rightfully on the platform of the car; he was there by permission and at the invitation of the defendant company. He was smoking at the time of receiving the injury complained of, or rather he was engaged in doing that which is a usual and natural concomitant of indulgence in the pleasure of smoking,—he was spitting. And for the purpose of complying with a rule of the company which forbade spitting on the floor of the car he momentarily projected his head beyond the line of the side of the car some two or three inches, and in that instant his head was violently brought in contact with one of a line of poles constructed and maintained by

the defendant company for the purpose of supporting its trolley wires, and severely injured. The fact that he was on the platform when injured in no way lessens or affects the degree of care and diligence to be exercised by the street-railway company to secure his safety. "A railway company has the right to make reasonable rules and regulations prohibiting passengers from occupying positions on its cars considered to be dangerous, except at their own risk; but when, notwithstanding such rules, passengers are permitted, and in some instances required, to occupy such positions, the company is still under the duty to exercise extraordinary care and diligence for their safety." *Augusta Ry. Co.* v. *Smith,* 121 *Ga.* 29. And the rule of law requiring railway companies to exercise extraordinary care and diligence in protecting their passengers from injury applies as well to the construction and maintenance of tracks as to the operation of cars thereon. *Macon St. R. Co.* v. *Barnes,* 113 *Ga.* 212(4). And this rule is not complied with if permanent obstructions are allowed to remain on or so near to the track as to imperil the safety of passengers on passing cars. 6 Cyc. 620, citing numerous decisions; Seymour *v.* Railway Co., 114 Mo. 266; Kird *v.* R. Co., 105 La. 226. And the ruling of this court, in holding that it was error to dismiss the plaintiff's petition upon demurrer, is sustained by numerous well considered decisions by the courts of many States. In the case of Spencer *v.* R. Co., 17 Wis. 487, it was held, that, "In an action against a railroad company for damages done to the plaintiff while riding as a passenger in one of its cars, and alleged to have resulted from the defendant's negligence, it was not error for the circuit court to refuse to instruct the jury that if the plaintiff was sitting with his elbow or arm projecting out of the window, and sustained the injury complained of by reason of that fact, he could not recover." So also, the Supreme Court of South Carolina has held, that, "In an action against a railway company for personal injuries, a charge was properly refused that if plaintiff was sitting with his elbow out of the car window, whereby he was injured, he was guilty of contributory negligence; since that question is exclusively for the jury." See also Kird *v.* R. Co.; supra; Railroad Co. *v.* Rude, 66 Ill. App. 550. In a very similar case to the one at bar it was held by the Supreme Court of New York, that, "Whether a passenger on an open electric street-car, who, leaving his seat, went to the platform,

where the conductor was standing, and, for the purpose of observing a fire, projected his head beyond the side of the car, so that he was struck by a tree, was guilty of contributory negligence, is a question for the jury." Sias *v.* Ry. Co., 36 N. Y. Sup. 378. Rulings of similar import might be multiplied many times. We are aware that a contrary doctrine is laid down in other jurisdictions, and the contrary view is very strongly maintained by able judges and text-writers. See 2 Wood's Ry. Law, 1106, n. 1, and the collection of cases there made; Hutch. Car. §655 et seq.; Railway Co. *v.* Underwood, 8 So. (Ala.) 116. But it seems to us that the sounder views are embodied in the case of Spencer *v.* R. Co., supra, and the authorities holding with it.

*Judgment reversed. All the Justices concur.*