Statement of the Case.
NICHOLLS, J.
The plaintiffs are the father and mother of the minor, Nathaniel Sanders. They bring suit for the use and benefit of the said minor, for damages for personal injuries alleged to have been received by him from the fault and negligence of the defendant company, its agents and employes. The district court rejected their demand, and they have appealed. They allege:
That they reside at a distance of about three miles south of the city of Shreveport, La., near the Natchitoches Branch of defendant’s road, and that their residence is south of a stream known as “Old River,” which said stream is crossed by said branch of defendant’s road. That the trestle placed by said road across Old river is constantly used by pedestrians, and has been since its construction, with the knowledge and acquiescence of said railway company, its agents and employes. That on the 17th day of May, 1895, petitioners’ minor child, Nathaniel Sanders, was crossing said trestle, returning to his home from the city of Shreveport, and that a train of cars operated by the agents and employes of said defendant company, and going in the same direction as said minor, ran upon the said minor child while he was on said trestle, and crushed and mangled his left leg to such an extent as to require its amputation, and otherwise greatly injuring said minor.
That the track of defendant company for a distance of more than one mile north of said trestle is perfectly straight, and the view unobstructed, and that the engineer on said train, in the employ of defendant company, saw the minor on said trestle at such a safe distance from the trestle as to enable him to bring his train to a stop and prevent injury to said minor; but that the said engineer failed and neglected to make timely effort to bring his train to a stop, and continued to run said train at such a rate of speed that the train overtook said minor, who was bending all his energies to reach a place of safety at the south end of said trestle.
That, although said engineer saw said minor about midway between the north and south ends of said trestle, or, if he did not see him, could not have avoided seeing him had he been looking ahead, and although the said Old river was full of water, and the said engineer knew that the said minor could not escape from said trestle until he reached the south end and had passed over said stream, and although said engineer knew that said minor could not escape danger of great personal injury, and probably death, unless said train was brought to a stop, yet he continued to run his train toward said trestle at such a rate of speed as to overtake said minor, and gave no warning of its approach until it was within 60 feet of the north end of said trestle. That said trestle is about 165 feet long, and that said minor, though he made all possible effort to reach the south end of said trestle and es *177 cape from said train, was, as above alleged, run upon just as be was about jumping from said trestle, and was injured as above alleged. That the injuries to their minor son were not caused by any fault on his part, but that said injuries were caused directly and solely by the fault and gross negligence of the defendant company and its empl-oyés and agents.
The defendant answered, pleading first the general issue. Further answering, it averred that the injured boy was at the time of the accident a trespasser on its right of way, and was without urgent necessity or excuse for being there.
Further answering, respondent averred that the engineer, when approaching the boy, gave the usual warnings, and, as soon as he discovered that the boy was not leaving the track and was in danger of being struck at once, put on his brakes, which were in good working order, and stopped the train within a short distance, but with proper diligence and effort was not able to stop in time to avoid the accident; that, even if defendant’s employes were at fault, which was denied, the injury sustained by the boy was the result of his own negligence contributing to the negligence of the defendant, without which the accident would not have happened, and plaintiffs cannot recover.
In view of the premises defendant prayed that plaintiffs’ demands be rejected and their suit dismissed, at their costs. It further prayed for all orders and decrees necessary, for costs, and for general relief.
Opinion.
The boy on whose behalf damages are claimed is shown to have been about 15 years of age and of fair intelligence. When injured he was a trespasser on the bridge of the defendant company, which crosses Red river, and was going from Shreveport to his home. He lived in the immediate neighborhood of the bridge and had often crossed it. He had seen its construction, knew its length, and testified to his knowledge of trains frequently passing over it The bridge was about 223-feet long, open at the sides, and spanned a stream filled with water. He could not have been ignorant of the risk he was assuming when he attempted to cross it. It is not disputed that his foot was- cut off by the passing over it of one of the wheels of an engine attached to a train of cars belonging to and operated by the defendant company. The tracks of the railroad were straight and level for two miles on the side towards-Shreveport before reaching the bridge. There-was nothing to obstruct the view for that distance. The boy, by looking back, could have seen the approaching train, and the-engineer, by looking forward, could have seen the boy. The engineer admits that at a point about half a mile from the bridge he had seen the boy on the track and near the bridge, and says that, looking lengthwise down the track, he could not tell with certainty where he was. 1-Ie testified that he-kept his eye upon him, and just as soon as he-realized that he was in a dangerous position he applied the brakes and did everything in his power to avoid injuring him. The testimony in the case overwhelmingly supports, him in that assertion. The customary warnings-by means of the whistling of the locomotive were given at the proper places, and though the boy declares he did not hear-them, except when it was too late, that was. his misfortune, and not the fault of the engineer.
The only question in the ease is whether or not the engineer applied the brakes for the purpose of stopping the train as soon as it. was his duty to do so. Had he applied the-brakes at the very moment he saw the boy, the accident certainly would not have happened; but an engineer would not be warranted in checking a train of cars every time- *179 he sees a boy on the track, and from the instant he discovers him, for fear of a possible accident. While the traveling public have no right to expect that railroad companies should, on their behalf, neglect taking the precautions imposed upon them, by the very fact of their creation, in guarding the general public and the property of citizens from accident and damage, their interests, within reasonable limits, are certainly to be considered. Trespassers upon railroad tracks are not, by reason of that fact, to be outlawed; but, in going without right in such dangerous places as railroad bridges, they take to some extent their personal safety into their own hands, and to a corresponding extent lighten the responsibility of the companies for it. Without discussing at length the subject of rights and duties of trespassers, one thing is certain; and that is, they have no right to exact of railroad companies that they exercise extraordinary care and use unerring judgment for their protection, and that is what is claimed by the plaintiffs at the hands of the defendant in this case.
In order to decree the company liable for damages, we would be obliged to hold that it was the duty of the engineer to have determined for himself with absolute certainty the precise time when it became necessary for him to commence taking steps for successfully stopping his train; to hold that he should have known exactly where the child was, what his actions would be, whether.he would make use of the means of safety within his reach, whether he would meet with any accident or not; in fact, require him to deal correctly with all the different facts which entered as factors in the case. -Results show that he did not judge the whole situation correctly, but they also show that his judgment was very nearly correct. The boy was struck at the very edge of the bridge, and, but for his slipping between two cross-ties and losing time in extricating himself from them, he would have escaped unhurt, while the train was brought to a stop about eight feet from where the accident occurred. We can find no negligence in the engineer, and no act of his which can be invoked by the plaintiff as a basis for damages. It cannot be said that he did not act, in view of the existing situation (uncertain as-it was), with the prudence and judgment called for by it. We think it can be fairly concluded from the evidence that for some little time before reaching the place where he was struck the boy could have avoided injury by jumping off sideways from the track, as the evidence shows he would not have had to jump more than four feet; that he could also have avoided injury by jumping out upon projecting timbers. That, of course, involved nerve in the person attempting it; but it was shown by the testimony that numbers of persons who had been caught on the bridge while trains were passing had done so successfully.
The syllabus in Provost v. Yazoo & Mississippi Valley R. R. Co., 52 La. Ann. 1894, 28 South. 305, is applicable to the present case. It reads as follows:
“A person selecting for his own convenience a dangerous route to a city, in place of a safer one, and in passing onto a bridge or trestle, a place of danger, with full knowledge of the dangers he might encounter from doing so, voluntarily takes upon himself risks, the results of which he cannot shift upon other persons.
“It is not enough that a person voluntarily placing himself in a position requiring steadiness of nerve should entertain the hope or belief that he has the necessary firmness. The belief must be justified by the fact. He cannot speculate on the subject.”
While a child cannot be blamed generally for want of nerve or good judgment, yet when he has placed himself voluntarily and wrongfully in a perilous position on a railroad bridge, from which none the less he could have extricated himself by the exercise of either or both of these qualities, he cannot, when he has suffered injury from not having exercised them, lay the blame upon the railroad company, but suffer the consequences himself.
*181 The decisions in Gilliam v. Texas & Pacific Co., 114 La. 272, 38 South. 166, and White v. Illinois Central Co., 114 La. 825, 38 South. 574, have a bearing upon the issues involved in this case and support our present conclusions.
The judgment appealed from is hereby affirmed.
MONROE, J. I concur in the decree.