### No. 10,133
### Orleans

## JOHN W. CAREY v. NEW ORLEANS PUBLIC SERVICE, INC.

(November 2, 1925, Opinion and Decree)
(November 16, 1925, Rehearing Refused)
(January 4, 1926, Writ of Certiorari and Review denied by the Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Street and Interurban Railroads—Par. 21; Carriers of Passengers and Goods—Par. 15.**

A street railway company owes no more care in the operation of its cars to a

holder of a transfer who awaits the car on which he is to use the transfer than to other prospective patrons who are without transfers and are awaiting the same car.

2.  Louisiana Digest—Appeal—Par. 625.

Findings of fact by the trial court will be approved on appeal unless clearly erroneous.

Appeal from the First City Court of the City of New Orleans, Section "A", Hon. W. A. Bahns, Judge.

This is a suit for damages for personal injuries caused by being struck by the rear door of the street car.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Benj. Y. Wolf, of New Orleans, attorney for plaintiff, appellant.

Benj. W. Kernan, of New Orleans, attorney for defendant, appellee.

BELL, J.  Plaintiff claims damages of defendant in the sum of three hundred dollars for injuries to his left hand, which he claims was struck by the rear door of defendant's street car while plaintiff was about to board the car on the neutral ground on Canal street near the corner of Bourbon street, in the city of New Orleans.

It is alleged that the door was thrown open before the car had stopped to take on plaintiff and some twenty other passengers; that it was negligence for the conductor to have opened the door before the car had stopped, and that the opening of the door caused it to protrude beyond the side of the car and to strike plaintiff, who was standing some twelve to eighteen inches away from and on the side of the car.  Defendant denies all of the allegations of plaintiff's petition as to the cause of the accident, and further denies that it was in any manner negligent in the operation of the car.  It avers that whatever injuries plaintiff sustained were caused by his own careless and imprudent conduct in moving either too close to the car or in carelessly striking his hand against the open door.

There was judgment for defendant, and plaintiff has appealed.

The only evidence offered on behalf of plaintiff is that found in his own testimony.  He avers that he is a cripple, having lost one of his legs, and that he was on crutches at the time of the accident, which occurred in the afternoon of April 20, 1925; that he was standing at the place above noted and was waiting for the Tulane Belt car, to which he held a transfer from the Desire car; that as the Tulane car had passed him by half of its length, he looked up and saw the rear door open before it got to him, and that he tried to get away but could not do so because of the crowd of people behind him; that he was struck on the back of the hand by the protruding door which extended about one foot from the side of the car.  He admits, on cross-examination, that he knew the car overhung the track about eighteen inches, and that at the time of the accident he was standing about two or three feet from the track instead of twelve to eighteen inches, as alleged in his petition.  He also admits that he had been in the habit, for three years prior to the accident, of taking the same car line at the place where he was injured, and that he well knew the rear door, when opened for the entry of passengers, extended quite a

little, at least a foot, beyond the side of the car.

The act of negligence upon which plaintiff claims recovery is that the door was opened before the car had come to a stop. As to this fact, he is positively contradicted by the conductor of the car, who avers positively that he never swung his lever nor opened the door until the car had come to a full stop, and that he only then saw plaintiff, who was among the first of the many passengers boarding the car. The doctor for the railway company who examined plaintiff's injuries testified that they were of a minor nature, and that plaintiff told him while being examined, "that the car had come to a stop; that the conductor opened the door and it struck him on the hand". Plaintiff, called in rebuttal, denies that he made such a statement to the doctor.

Upon this kind of evidence—none stronger—has the plaintiff presented his case. There is nothing in the record to justify us in concluding that the findings of the trial judge, who saw and heard these witnesses, were erroneous.

It is argued for plaintiff that because he held a transfer from the Desire car to the car by which he claims to have been hurt, he was entitled to continue on his journey in the capacity of a passenger to whom the defendant owed due consideration and protection, such as should be given to all passengers. We have not been referred to any authority, nor have we been able to find any, in support of this contention. We cannot take such a view of this case which, in our opinion, fails to establish any negligence whatever against the carrier. The judgment appealed from is, in our opinion, correct, and will be affirmed.

Judgment affirmed.