**MURPHY v. N. O. PUBLIC SERVICE**

---

(November 29, 1927. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. Louisiana Digest—Street and Inter urban Railroads—Par. 27, 32.
    If plaintiff was struck, as she alleges, by the rear door of the street car as it was opened and as she was standing near the car to allow it to pass so she could cross the street, then her own imprudence and want of care in standing too near the car was the cause of the accident and precludes her right of recovery.

2. **Louisiana Digest—Negligence—Par. 25.**
    A plaintiff can recover no damages for an injury to which he has himself contributed.

Appeal from Civil District Court, Hon. Wm. H. Byrnes, Jr., Judge.

Action by Miss Nellie Murphy against New Orleans Public Service.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellant.

Benjamin W. Kernan, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. Plaintiff claims of defendant $23,800 damages.

She avers that on June 25th, 1923, at 8:30 a. m., she was walking along the downtown side of St. Andrew street in the direction of the lake; that when she reached the neutral ground of St. Charles avenue she observed a Tulane Belt car about 150 feet above approaching rapidly and going towards Canal street; that she stopped and waited on the neutral ground for the car to pass; that the car was going at full speed and was crowded, having people hanging on the rear bumper; that the car had nearly passed her when the rear doors were suddenly thrown open without any notice to plaintiff, to permit a passenger to alight, and said doors struck her, throwing her to the ground and causing her to become unconscious; that her right arm was broken, and her thigh and her spine injured, and her head cut in two places; that she remained in the hospital three months and was confined to her home for six months, and she is still suffering from her injuries; that prior to her accident she was keeping boarders at

2139 Baronne street, earning a profit of $150 per month; but that since her accident she has been unable to continue her business and has been compelled to close the same, and is unable to earn any livelihood whatever; that her injuries were caused solely by the gross negligence of defendant's employees, and that she did not contribute to her accident.

The defendant denied every allegation in plaintiff's petition and averred that the plaintiff attempted to cross St. Charles street at the lower side of St. Andrew street at a time when a car of the Tulane Belt line was about to cross St. Andrew street when it was impossible for the motorman to prevent striking the plaintiff; that the plaintiff was herself responsible for her injuries in attempting to cross the tracks under the circumstances then existing.

There was judgment in favor of the defendant rejecting plaintiff's demand; she has appealed.

In this court neither the plaintiff nor the defendant has favored us with brief or argument, but submitted on the record.

The plaintiff testified that at 8:15 a. m. she was crossing the neutral ground of St. Charles avenue at the intersection of St. Andrew street, walking towards Baronne street; she saw the car coming down a half block away; she stopped on the down town river side of the neutral ground right near the car tracks waiting for the car to pass, so she could cross the neutral ground; she said:

"Q. Tell us briefly how the accident happened, beginning with your standing on the corner waiting for the car to pass?

"A. The car coming down the avenue was coming at a high rate of speed, and I was looking at it coming down, and it comes so furiously that it passed the portion where it should stop, and somebody was getting out. I wasn't aware of that, and the door flew open suddenly and knocked me down. I didn't know anything any more.

"Q. Did you see the door fly open at the moment it struck you?"

"A. I saw it fly open, and I was knocked, it struck me, and I know nothing after that.

"Q. You say at that corner you were struck by a car. In what direction was that car going?

"A. Down the avenue, towards Canal street.

"Q. Going down St. Charles avenue?

"A. Yes, sir.

"Q. Do you know what part of the car struck you?

"A. Of course, I was hit by the door.

"Q. Was it the front door or the rear door?

"A. Rear door.

"Q. Was the front door or rear door open at the time it struck you?

"A. No, it was closed, and it flew open suddenly and that's all I know."

On the other hand seven witnesses testify that it was the front part of the car that struck the plaintiff. But it is immaterial, under the circumstances of this case, what part of car struck her. It has been the jurisprudence of this State since Lesseps v. Pontchartrain R. R. Co., 17 La. 361, (1841), reported in Hennen Digest 1054, that "a party can recover no damages for an injury to which he has himself contributed, Volenti non fit injuria", unless the defendant by due diligence could have avoided the accident. 5 La. Dig., p. 523. Cambre vs. White Castle Lumber Co., 144 La.; 81 South. 256. Knoker vs. Canal & C. R. Co., 52 La. Ann. 806; 27 South. 279. Nolan vs. Illinois Cent. R. Co., 145 La. 490; 82 South. 590.

The plaintiff had been keeping a boarding house at No. 2139 Baronne street for some ten years, then at Baronne and Jackson, and at the time of the accident

lived at the corner of St. Charles and Felicity. She says:

"I have taken that car on the avenue all my life, 30 odd years or more, because I lived there all my life; I took it in the same place, as I have always done, away from danger. I rode in the cars all my life."

She was, therefore, no stranger to the movements of the cars and knew of the danger of standing too near them.

In the case of Carey vs. N. O. Public Service, 3 La. App. 217, this Court denied relief to plaintiff "for injuries to his left hand, which he claims was struck by the rear door of defendant's street car while plaintiff was about to board the car on the neutral ground on Canal street, when the door was thrown open before the car had stopped".

In Whitcomb vs. R. Rd., 47 La. 225; 16 South. 812, the court said:

"The proof disclosing that a small boy had approached a train, just at the moment it was about to come to a halt, and was standing so close to one of the steps of the car that a forward movement of the train brought it in contact with a basket on his arm, pulled him down, and caused his leg to be run over and broken, a case of negligence is not made out against the Railroad Company."

Where a plaintiff was walking along a railroad platform upon which trunks were being unloaded and a trunk fell upon plaintiff and injured his foot, the court held that he was guilty of contributory negligence. Duvernet vs. Rrd., 49 La. An. 484, 21 South. 644; Rombach vs. Crescent City, 50 La. Ann. 473, 23 South. 604; Kird vs. New Orleans & N. W. R. Co., 105 La. 226, 29 South. 729; Lynch vs. Knoop, 118 La. 611, 43 South. 252; Sanders vs. Texas & P. Ry. Co., 118 La. 174; 42 South. 764; 118 La. 180.

But the overwhelming testimony is that the plaintiff was struck by the front part of the car and not by the back door.

W. O'Daniel, president of the United States Flour Mills Company, was driving up St. Charles avenue in an automobile; Aubrey L. Jackson, employed by Gus Mayer Company, and Henry B. Scholfield, in the flour business, were standing on the front platform; Charles J. McCabe, a member of the bar; R. J. Crawley, of the Orleans Ice Company; L. J. Smith, employee of defendant, were standing upon the rear platform; and W. S. Lawrence, auditor for Mayer Israel, was seated upon the first cross seat upon the river side of the car; all seven swear that the plaintiff was struck by the front part of the car and not by the rear part.

The first three witnesses all swear, besides, that they saw the accident; that the plaintiff walked in front of the car; that the motorman of the car clamped his gong vigorously and put on his brakes, and stopped his car within fifteen feet of the St. Andrew street crossing, and after the accident the plaintiff was lying upon the ground on the side of the car nearer the rear end than the front. If she had been thrown down by the rear door of the car, it is evident that she would have been found lying somewhere behind the car.

The other witnesses standing upon the rear platform swear that the accident did not occur on the rear of the car, nor by the opening of the door.

The evidence fails to prove any negligence on the part of the defendant's employees, and proves conclusively that the plaintiff brought her accident upon herself by her own imprudence and want of care.

Deckman vs. Morgan's La. & Tex. R. R. & S. S. Co., 40 La. Ann. 787, 5 South. 76.

Hemmingway vs. N. O. C. & L. R. Co., 50 La. Ann. 1087, 23 South. 952.

Brown vs. T. & P. Ry., 42 La. Ann. 350, 7 South. 682.

White vs. V., S. & P. Ry. Co., 42 La. Ann. 990; 8 South. 475.

Herlich vs. Louisville, N. O. & Tex. Ry. Co., 44 La. Ann. 280, 10 South. 628.

Blackwell vs. St. Louis, I. M. & S. R. R. Co., 47 La. Ann. 268, 16 South. 818.

Nolan vs. Illinois Cent. R. Co., 145 La. 490, 82 South. 590.

Michael McLaughlin vs. New Orleans & Carrollton R. R. Co., 48 La. Ann. 23, 18 South. 703.

Hoelzel vs. Crescent City R. Co., 49 La. 1302, 22 South. 330.

Dieck vs. New Orleans City & Lake R. Co., 51 La. Ann. 262, 25 South. 71.

Webster vs. New Orleans City & Lake R. Co., 51 La. Ann. 299, 25 South. 77.

O'Rourke vs. New Orleans City & Lake R. Co., 51 La. Ann. 755, 25 South. 323.

Kramer vs. New Orleans City & Lake R. Co., 51 La. Ann. 1689, 26 South. 411.

Knoker vs. Canal & C. R. Co., 52 La. 806, 27 South. 279.

Lampkin vs. McCormick, 105 La. 418 (427), 29 South. 952.

Nassauer vs. New Orleans & C. R. Light and Power Co., 116 La. 475, 40 South. 842.

The judgment was in favor of the defendant and it is affirmed.