### FINKELSTEIN v. AMERICAN ICE CO.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—PERSONS NON SUI JURIS—VICARIOUS NEGLIGENCE.

A mother, who, while in actual custody of an infant of less than four years of age, permitted her to go unattended and unwarned into and across a street crowded with people and vehicles, where she, while stooping down in a position and situation which for a person of mature years would have been negligence, was injured, was guilty of negligence, and there could be no recovery by the child for her injuries.

Appeal from City Court of New York, Trial Term.

Action by Sadie Finkelstein, an infant, by Abraham Finkelstein, her guardian ad litem, against the American Ice Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Palmer & Adams, for appellant.
Jacob C. Brand, for respondent.

MacLEAN, J.   An infant of tender years—three years and four months—walked out of an apartment, where they were visiting, on the first floor above the street, before its mother, saying, "I will open the door for you, mamma, and then I want to look at the music store to see what is there."   Then she went down the stairs, and crossed the street towards the music store, which, as the mother knew, was on the opposite side of the street, and was injured by the horses or the wagon of the defendant, a little in front of which she was seen by the only witness who testified for the plaintiff, stooping down in a position and situation which for a person of years of discretion would have been negligence.   It was therefore negligence on the part of the mother, the natural and actual guardian of the child, who, unattended and unwarned, was allowed to go into and across the street, occupied on a holiday with crowds of many people and vehicles of divers sorts. For this actual and imputable negligence, judgment must be reversed.

Judgment reversed and new trial ordered, with costs to abide the event.   All concur.