HARRINGTON, RESPONDENT, *v.* BUTTE, ANACONDA & PA-
CIFIC RY. CO., APPELLANT.

(No. 2,512.)

(Submitted April 6, 1908.   Decided April 18, 1908.)

[95 Pac. 8.]

*Personal   Injuries—Railroads—Children—Duty   of   Parents—*
*Contributory Negligence.*

Personal Injuries—Railroads—Children—Unavoidable Accident—Question
   for Jury.
   1.   Where, in an action against a railroad company for injury to a
   child, the testimony was conflicting upon the question whether the in-
   fant ran upon defendant's track immediately in front of moving cars
   so as to make the accident unavoidable, the matter was properly sub-
   mitted to the jury and its finding thereon will not be disturbed on
   appeal.

Same—Contributory Negligence—Burden of Proof.
   2.   Since the law presumes that plaintiff in a personal injury case
   exercised ordinary care, the burden of alleging and proving contribu-
   tory negligence is upon defendant in the first instance.

Same.
   3.   Whenever plaintiff's own case, in an action for damages on ac-
   count of personal injuries, presents evidence which, if unexplained,
   makes out *prima facie* contributory negligence on his part, he cannot
   recover unless further evidence be produced exculpating him.

Same—Children—Duty of Parents.
   4.   Parents of children so young and immature as to be unable to
   care for themselves, owe the duty to care for them, and, in doing so,
   are bound to exercise such degree of care and prudence to promote
   their safety as under all the circumstances is reasonable; the degree
   of such care is proportionate to the age and intelligence of such chil-
   dren and to the dangers which are known, or, by the exercise of due
   care, ought to be known.

Same—Children—Presence in Known Place of Danger—Contributory Neg-
   ligence.
   5.   The unexplained presence of a child *non sui juris*, unattended,
   in a known place of danger is *prima facie*, but not conclusive, evidence
   of contributory negligence on the part of the parents.

Same.
   6.   Where the presence of a child, *non sui juris*, on a railroad track
   was not explained by plaintiff, the father, by some evidence tending
   to show that despite the exercise of ordinary care by the parents the
   child was at such known place of danger, recovery could not be had
   for injury to the infant.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

PERSONAL INJURY action by Jeremiah P. Harrington against the Butte, Anaconda & Pacific Railway Company. From a judgment for plaintiff and from an order denying it a new trial, defendant appeals. Reversed and remanded.

*Messrs. Forbis & Evans,* and *Mr. D. Gay Stivers,* for Appellant.

A child of tender years may be guilty of contributory negligence. (*Krenzer* v. *Pittsburg C. O. & St. L. Ry. Co.,* 151 Ind. 587, 68 Am. St. Rep. 252, 43 N. E. 649, 52 N. E. 220; *Baltimore etc. Co.* v. *Breing,* 25 Md. 378, 90 Am. Dec. 49; *Trudell* v. *Grand Trunk Ry. Co.,* 126 Mich. 73, 85 N. W. 250, 53 L. R. A. 271; *Oil City & R. Bridge Co.* v. *Jackson,* 114 Pa. St. 321, 6 Atl. 128; *Moore* v. *Pennsylvania Ry. Co.,* 99 Pa. St. 301, 44 Am. Rep. 106.)

Company held not liable in case of sudden appearance in front of cars. (*Meyer* v. *Midland Pac. Ry. Co.,* 2 Neb. 319; *Little Rock & Ft. S. Ry. Co.* v. *Densman,* 54 Ark. 431, 16 S. W. 169; *Benson* v. *Central Pac. Ry. Co.,* 98 Cal. 45, 32 Pac. 809; *Galveston H. & S. A. Ry. Co.* v. *Chambers,* 73 Tex. 296, 11 S. W. 279; *Chicago & A. R. R. Co.* v. *Becker,* 76 Ill. 25; *Barkley* v. *Missouri Pac. Ry. Co.,* 96 Mo. 367, 9 S. W. 793; *Baltimore & O. Ry. Co.* v. *State,* 71 Md. 590, 18 Atl. 969; *Burke* v. *Broadway & S. A. Ry. Co.,* 49 Barb. 529.) If a parent allows a child of tender years to be in a place of danger, the parent's negligence will bar his recovery for loss of the child's services. Also, it is incumbent upon the parent to explain the child's presence in such place. (*Glassey* v. *Hestonville & F. P. Ry. Co.,* 57 Pa. St. 172; *Bamberger* v. *Citizens' S. Ry. Co.,* 95 Tenn. 18, 49 Am. St. Rep. 909, 31 S. W. 163, 28 L. R. A. 486; *Spokane & P. Ry. Co.* v. *Holt* (Idaho), 40 Pac. 56; *Lehman* v. *City of New York,* 29 Barb. 234; *City of Chicago* v. *Major,* 18 Ill. 349, 68 Am. Dec. 553; *Grant* v. *City of Fitchburg,* 160 Mass. 16, 39 Am. St. Rep. 449, 35 N. E. 84.)

*Mr. John J. McHatton, Mr. Jesse B. Roote,* and *Mr. Peter Breen,* for Respondent.

There is no negligence to be attributed to the parent, unless the evidence shows that he was guilty of negligence, and the burden of proof is upon the defendant to show that the parent was guilty of negligence.    (*Dicker* v. *McSorley,* 111 Wis. 91, 86 N. W. 554; *Randall* v. *Northwestern Tel. Co.,* 54 Wis. 140, 41 Am. Rep. 17, 11 N. W. 419; *Fox* v. *Oakland Con. Ry. Co.,* 118 Cal. 62, 62 Am. St. Rep. 216, 50 Pac. 25; *Daly* v. *Hinz,* 113 Cal. 366, 45 Pac. 693; *Dubiver* v. *City & S. Ry. Co.,* 44 Or. 227, 74 Pac. 915, 75 Pac. 693; *Corbett* v. *Oregon S. L. Co.,* 25 Utah, 449, 71 Pac. 1065; *Eskilden* v. *Seattle,* 29 Wash. 583, 70 Pac. 64; *Nord* v. *Boston & Mont. Con. C. & S. M. Co.,* 30 Mont. 48, 75 Pac. 681; *Orient Ins. Co.* v. *Northern Pac. Ry. Co.,* 31 Mont. 502, 78 Pac. 1036; *McCabe* v. *Mont. Cent. Ry. Co.,* 30 Mont. 323, 76 Pac. 701; *Meisner* v. *City of Dillon,* 29 Mont. 116, 74 Pac. 130.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Bernard Harrington was about five years and eight months old on July 5, 1906, when he was injured by being run down by cars operated by the defendant railway company over its tracks in the northern part of the city of Butte.    This action is brought by the father of the child for damages by way of compensation for the loss of the child's services from the time of the injury until he should have reached the age of twenty-one years.    The injury occurred at a point where a roadway of general travel crosses the defendant railway company's tracks; as to whether it is a public street is left somewhat in doubt.    The complaint is drawn upon the theory that the injury was occasioned by the negligence of the defendant company.    The answer denies any negligence, and pleads contributory negligence on the part of the child, and also contributory negligence on the part of this plaintiff in permitting the child to be in a place of danger unattended.    The case was

tried to the court sitting with a jury. A verdict was returned in favor of the plaintiff, and a judgment rendered and entered thereon, from which judgment and an order denying it a new trial the defendant appeals.

The appellant's specifications of error relate to the insufficiency of the evidence to sustain the verdict, and to instructions given, modified and refused. Respondent objects to any consideration of the questions arising upon the instructions, for the reason that the instructions are not presented to this court in the judgment-roll; but the application of the rule heretofore announced is of little or no consequence in this particular case, since the principal contention made by the appellant is presented under its specification of the insufficiency of the evidence to justify the verdict.

Appellant contends that the injury was the result of unavoidable accident; and while there is some testimony to the effect that the child ran upon the track and in front of the moving cars so soon before his injury as to render the injury unavoidable, there is likewise testimony that the child stood upon the track for from two to four or five minutes before he was struck. This conflict in the evidence was properly submitted to the jury for consideration, and with the finding thereon in plaintiff's favor we cannot interfere.

Appellant's other contention upon the evidence presents a most difficult question. We think the evidence is ample, if believed, to show the negligence of the defendant railway company. The injury is admitted in the pleadings. In making out plaintiff's case it was made to appear that this child of tender years, *non sui juris,* was in a known place of danger, unattended by anyone whose duty it was to care for him. In this jurisdiction the rule is firmly established that in an action of this character the burden of alleging and proving contributory negligence is upon the defendant in the first instance; and this must be correct, since there is a presumption of law that the plaintiff exercised ordinary care. (Subd. 4, sec. 3266, Code Civ. Proc.) In *Nelson* v. *City of Helena,* 16 Mont. 21,

39 Pac. 905, this court, after stating this rule, said: "There is a corollary, rather than an exception to this rule; the corollary being to the effect that, whenever the plaintiff's own case raises a presumption of negligence, the burden of proof is immediately upon him. In such a case it devolves upon the plaintiff, as of course, to clear himself of the suspicion of negligence that he has himself created. He must make out his case in full, and, where the circumstances attending the injury were such as to raise a presumption against him in respect to the exercise of due care, the law requires him to establish affirmatively his freedom from contributory fault." We think it would be more accurate to say that, whenever the plaintiff's own case presents evidence which, if unexplained, would make out *prima facie* contributory negligence on his part, there must be further evidence exculpating him, or he cannot recover. However, this is evidently what the court meant, and this doctrine has the support of practically all of the authorities.

On the part of plaintiff it is alleged that this crossing was a dangerous place, and that, by reason of his tender years, the injured child was incapable of understanding or appreciating the danger. In view of these allegations appellant contends that the unexplained presence of this five year old child in a known place of danger, unattended by anyone whose duty it was to care for him, was of itself *prima facie* evidence of contributory negligence on the part of his parents.

It may be said to be a general rule, of universal application, that parents have no right to expect others to care for their children who are so young and immature that they cannot care for themselves, and that they (the parents) owe the duty to care for such children, and in caring for them are bound to exercise such degree of care and prudence to promote their safety as under all the circumstances is reasonable, and this degree of care is proportionate to the age and intelligence of such children and to the known dangers, or dangers which might be known by the exercise of due care (1 Thompson's Commentaries on the Law of Negligence, sec. 321); and in

support of this rule it may be said that the authorities are harmonious. When, however, it comes to the application of the rule to particular cases, the courts have not been able to agree. While there are some courts which hold that the mere unexplained presence of a child, *non sui juris*, unattended, in a place of known danger, is not evidence of the parents' contributory negligence (*Hagan's Petition (Morgan* v. *Illinois etc. Co.*), 5 Dill. (U. S.) 96, Fed. Cas. No. 9802; *Corbett* v. *Oregon S. L. R. Co.*, 25 Utah, 449, 71 Pac. 1065), the decided weight of authority, and we think the better rule is that such unexplained presence is some evidence, not conclusive, but *prima facie*, evidence, of contributory negligence on the parents' part. (1 Thompson's Commentaries on the Law of Negligence, sec. 324; *Wright* v. *Malden & Melrose R. Co.*, 4 Allen (Mass.), 283; *Hartfield* v. *Roper*, 21 Wend. (N. Y.) 615, 34 Am. Dec. 273; *Jeffersonville etc. R. R. Co.* v. *Bowen*, 49 Ind. 154; *Westerberg* v. *Kinzua R. R. Co.*, 142 Pa. St. 471, 24 Am. St. Rep. 510, 21 Atl. 878; *Gibbons* v. *Williams*, 135 Mass. 333; *Finkelstein* v. *American Ice Co.*, 88 N. Y. Supp. 942; *Albert* v. *Albany Ry. Co.*, 5 App. Div. 544, 39 N. Y. Supp. 430.) We do not see any reason for the first of these rules, while for the last there appears to be some reason, even if not entirely satisfactory.

Broadly speaking, negligence may be said to be a breach of duty. Primarily, and in a general way, the parents of a child of tender years owe the duty to protect such child from harm by keeping it out of danger. This duty is owed to the child for the child's sake, and it is likewise owed to the community in general in order that ordinary business pursuits may be carried on; for, if railroad tracks are to be made common playgrounds for irresponsible children, it does not require much foresight to see that but one result will inevitably follow, viz., the suspension of the railway business. Since the father of this child, who is the plaintiff in this action, owed the duty to exercise ordinary care to keep the child out of danger, a breach of that duty was negligence on his part; and the fact that he

did not keep the child out of this danger, which the child could not appreciate, must be held to be *prima facie* evidence of the father's negligence. We are impelled to adopt this rule for the further reason that it appears to us to be the more righteous one. The parents are the natural custodians of such a child, and they know better than anyone else what means they have employed to safeguard it. It would be a small matter for them to show what, in fact, they did respecting the care of the child, while in a majority of cases it would be practically impossible for the defendant to do so. We desire, however, to add emphasis to our statement that such unexplained presence is only *prima facie* evidence of contributory negligence, and the courts holding this view have quite generally said that comparatively slight evidence that the child was in the place of danger, despite the fact that the parents exercised due care, will warrant a submission of the question of contributory negligence to the jury. (*Fox* v. *Oakland Con. St. Ry.*, 118 Cal. 55, 62 Am. St. Rep. 216, 50 Pac. 25.)

Up to this point we have considered the child's presence in the known place of danger as entirely unexplained, and in this assumption we think we are correct. Counsel for respondent do not even suggest that any explanation can be found in the evidence, but rest upon the theory that the burden was upon the defendant to make an explanation which would show negligence, if any, on the part of the plaintiff. However, this much does appear from the record. The mother testified that: "At the time the boy was injured I thought he was in the yard at home. He was in the yard a little while before. I certainly always exercised care in looking after and seeing where he was. I always kept him right around because I was afraid of the track, and not only him, but the rest of them." The father testified: "When I am around home I exercise care in looking after the children. I try to keep them around home. I did not know that the little boy was down at the railroad at the time he was hurt. As to what I was doing at the time he was brought home or just before, it was a little after supper,

and I went out into the yard to milk a cow, and the little boy was with me at the time I started to milk her, and when I got through I went in with the pail and put it on the kitchen table, and it was not but a short time that I heard the child was killed, and I went down there and I brought him home in my arms.'' But the father, who is this plaintiff, also testified that they lived not more than 200 feet from the railroad track, and in view of this fact the testimony given above cannot be said to consist of any facts from which the jury could form a conclusion as to whether they did exercise ordinary care. The statement by each of these witnesses that care was exercised is the barest kind of a conclusion, while the statement that they tried to keep or did keep the child around, or around home, is susceptible of almost any conclusion.

We think we are fully justified in treating this as a case of unexplained presence of a child of tender years in a known place of danger, unaccompanied by anyone whose duty it was to care for him. These facts appearing in the record, we hold that there was *prima facie* evidence of plaintiff's contributory negligence; and because of the fact that the child's presence was not explained or some evidence offered tending to show that he was there, despite the exercise of ordinary care on the part of his parents, we think the plaintiff has failed to make out his case.

For the reason that the evidence is insufficient to sustain the verdict, the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH: While I agree with what is said in the foregoing opinion as to the law, I think there was sufficient evidence on the part of the plaintiff to warrant the court in submitting to the jury the question whether plaintiff was guilty of contributory negligence, and I am therefore of opinion that the judgment and order should be affirmed.