HARRINGTON, RESPONDENT, *v.* BUTTE, ANACONDA & PA-
CIFIC RY. CO., APPELLANT.

(No. 2,663.)

(Submitted June 14, 1909.   Decided June 22, 1909.)

[102 Pac. 330.]

*Personal Injuries—Railway Crossings—Parent and Child—Con-
flicting Evidence—Findings—Conclusiveness.*

Personal Injuries—Conflicting Evidence—Findings of Jury—Conclusiveness.
  1. Where, in an action against a railway company to recover for
  personal injuries to plaintiff's minor child, the evidence whether the
  infant ran in front of the moving cars so as to render the injury
  unavoidable, or whether the defendant's employees were negligent, was
  conflicting, the jury's finding thereon will not be disturbed on appeal.

Same—Railway Crossings—Parent and Child.
  2. Evidence that the parents of a minor child injured at a railway
  crossing, exercised due care of the child, *held* sufficient to go to the
  jury.

*Appeal from District Court, Silver Bow County; Geo. M.
Bourquin, Judge.*

PERSONAL INJURY action by Jeremiah P. Harrington against
the Butte, Anaconda and Pacific Railway Company. From a
judgment for plaintiff, and from an order denying a new trial,
defendant appeals. Affirmed.

*Mr. C. F. Kelley, Messrs. Forbis & Evans,* and *Mr. D. Gay
Stivers,* for Appellant.

*Mr. John J. McHatton, Mr. Peter Breen,* and *Mr. S. T. Hoge-
voll,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

This cause was heretofore before this court (*Harrington* v.
*Butte, Anaconda & Pacific Ry. Co.,* 37 Mont. 169, 95 Pac. 8, 16
L. R. A., n. s., 395), and a sufficient statement may be obtained
by reference to the opinion then rendered. After the case was

remanded, it was again tried in the district court, before the court sitting with a jury. The jury returned a verdict in favor of the plaintiff for $7,500. A motion for a new trial was made, and upon the hearing of this motion the court ordered the plaintiff to remit $3,500 from the amount of the verdict or submit to a new trial. A written consent to such reduction was filed by counsel for plaintiff, and the motion was denied. The defendant has appealed from the judgment and from the order denying it a new trial. In this court counsel for appellant argue two propositions only.

1. It is said: "The evidence does not support the verdict. There was no evidence of negligence on part of defendant." There is evidence tending to show: That, at the time of this accident, an engine crew and switching crew in the employ of the defendant railway company were handling some cars at a point where the company's tracks cross North Wyoming street, in Butte; that one box-car and two flat cars were pushed across the street to the west; that the engine and other cars then moved away and took a siding; that the box-car was farthest west and farthest from the street crossing; that the brakeman in charge of these three cars was at the brake on the west end of the box-car; that, after the engine and cars cleared the track and the switches were adjusted, this brakeman released the brake and permitted these three cars to drift back over the street crossing; that, in coming back, the first flat car and half of the second ran over Bernard Harrington, injuring him. Of these facts there is not any dispute apparently. Witnesses for the plaintiff testified: That the three cars stood west of Wyoming street from three to five minutes; that Bernard Harrington came upon the street crossing of this track soon after the cars were pushed west of the street; that he stood on the track from two to four minutes; that a signal was not given before the cars moved backward over the street and upon the child; that the railway company did not have a watchman at the street crossing; and that there was not any brakeman or other employee of the company on the first flat car or in a position to keep a lookout. The

evidence shows that the cars moved very slowly in coming back over the street, not exceeding two or three miles per hour, and probably slower; that, if a man had been upon the first flat car, he could have seen the boy on the track, and, if the air-brake apparatus was working smoothly, he could have reached down, turned the angle cock, set the brake, and stopped the cars in two feet, and that, too, without leaving the car; that the child was at least ten or fifteen feet from the nearest car when the brake was released. And one witness, an experienced brakeman, testified that he could have jumped from the first flat car and removed the child, with safety to himself. With respect to many of these latter facts there is a sharp conflict in the evidence.

Upon the former appeal the same contention was made as that now under consideration, and, while the evidence introduced upon this last trial is not just the same as the evidence which we reviewed upon the former appeal, in its general character it is the same, and our observations made upon the former appeal are alike applicable here. We said: "Appellant contends that the injury was the result of unavoidable accident, and while there is some testimony to the effect that the child ran upon the track and in front of the moving cars so soon before his injury as to render the injury unavoidable, there is likewise testimony that the child stood upon the track for from two to four or five minutes before he was struck. This conflict in the evidence was properly submitted to the jury for consideration, and with the finding thereon in plaintiff's favor we cannot interfere."

2. The following is the other assignment argued: "The evidence is not sufficient to show that plaintiff was not guilty of negligence in permitting the boy to be upon the railroad crossing." Upon the former appeal we held that the unexplained presence of a child *non sui juris,* unattended in a known place of danger, is *prima facie* evidence of the parents' negligence. Upon this last trial the parents of the child testified as to the care exercised by them with respect to this child. Four or five of their near neighbors also testified as to their observations of the parents' care of the child. Of course, from the very nature

of the case, the evidence must have been and was of a general character; but we think it was amply sufficient to go to the jury.

Upon these two propositions, which are the only ones presented, we do not discover any error.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.