FLAHERTY, RESPONDENT, *v.* BUTTE ELECTRIC RAILWAY CO. ET AL., APPELLANTS.

(No. 2,959.)

(Submitted March 13, 1911.  Decided March 28, 1911.)

[115 Pac. 40.]

*Personal Injuries—Street Railways—Pleadings—Amendments— Respondeat Superior—Negligence—Proximate Cause—Complaint—Sufficiency—Minors—Excessive Verdict.*

Pleadings—Amendments.
1.  Where amendments of pleadings do not change the nature of the action or mislead the adversary to his prejudice, their allowance is the rule, their denial the exception.

Same.
2.  Plaintiff in a personal injury action was properly allowed, after reversal of a judgment in his favor and before a new trial was had, to substitute a specific act of negligence for the one previously relied upon. In such a case so long as the injury complained of is the same in the amendment as that originally declared upon, the amended pleading is not open to the charge that it introduced a different cause of action.

Personal Injuries—*Respondeat Superior*—Complaint.
3.  While, in a personal injury action where recovery is sought for a negligent act of a servant under the doctrine of *respondeat superior*, the fact that the relationship of master and servant existed at the time of the injury should be pleaded, the absence of such a direct allegation will not be held sufficient to reverse the judgment, if facts are alleged from which it may fairly be inferred that the relationship did so exist.

Same—Street Railways—Duty of Defendant—Breach—Complaint.
4.  The complaint in an action against a street railway company alleging that the car which ran over and injured plaintiff was being

operated in a public and much used street in a city, and that the motorman failed to keep a vigilant or proper lookout, whereby he might have seen the plaintiff before he came into a place of danger, sufficiently stated the duty cast upon defendant's motorman to keep a lookout for pedestrians, and its breach.

Same—Complaint—Proximate Cause.

5. The act of negligence resulting in plaintiff's injury was alleged to have been the failure of defendant's motorman to keep a proper lookout. *Held,* that this allegation and the further one that by reason of such negligence plaintiff was injured, sufficiently showed the causal connection between the alleged negligence and the injury.

Same—Unavoidable Accident—Question for Jury.

6. The question whether because the motorman's vision was so obscured by a passing wagon or a dust storm, claimed to have prevailed at the time of the accident, as to interfere with his attempt to keep a proper lookout, the injury was unavoidable, was properly submitted to the jury, the evidence presenting a sharp conflict in this respect.

Same—Excessive Verdict.

7. *Held,* that a verdict of $25,000 for injuries to a minor less than three years old at the time of the accident, which resulted in the amputation of one of his limbs at the hip, was excessive, and a new trial ordered unless plaintiff consent to a scaling thereof to the sum of $12,500.

*Appeal from District Court, Silver Bow County; J. M. Clements, a Judge of the First Judicial District, in and for Lewis & Clark County, presiding.*

Action by Wilfred H. Flaherty, by Laura S. Flaherty, his guardian *ad litem,* against the Butte Electric Railway Company and another. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed and remanded for a new trial *nisi.*

In behalf of Appellants, there was a brief by *Mr. George F. Shelton, Mr. Peter Breen,* and *Mr. Charles A. Ruggles. Mr. Ruggles* argued the cause orally.

The appellants predicate error upon the court's granting plaintiff's motion to file an amended complaint. Amendments must not depart from the original cause of action, and must not state a new and distinct cause of action in place thereof. The test laid down in the cases as to what is the statement of a new cause of action, and hence as to what would not be a proper amendment, is said to be whether or not the cause of action attempted to be set up in the amendment would or would

not be barred by a recovery upon the allegations as they stand. (See *Norris* v. *Pollard,* 75 Ga. 358; *Carpenter* v. *Huffsteller,* 87 N. C. 273; *Allen* v. *Brooks,* 88 Wis. 265, 60 N. W. 253; *Scovill* v. *Glasner,* 79 Mo. 449; *Flanders* v. *Cobb,* 88 Me. 488, 51 Am. St. Rep. 410, 34 Atl. 277.) We are aware that this court has adopted a somewhat liberal view with reference to amendments, as stated in the case of *Leggat* v. *Palmer,* 39 Mont. 302, 102 Pac. 327. There the court cites, among other cases: *Merrill* v. *Miller,* 28 Mont. 134, 72 Pac. 423, and *Borden* v. *Lynch,* 34 Mont. 503, 87 Pac. 609. In these cases, however, in spite of the fact that the court adopts the liberal rule with reference to amendments, the qualification to the rule is laid down: ''Where they do not change the nature of the action,'' etc. The cause of action attempted to be stated in the amended complaint was still a distinct departure from that upon which the plaintiff began his action.

The complaint does not state facts sufficient to constitute a cause of action, for the reason (a) that there is no sufficient allegation of any relation of master and servant, or employer and employee, between the defendant Butte Electric Railway Company and the defendant George Le Sage. In an action against a master to recover for injuries caused by a servant, the complaint must show that the relationship of master and servant existed at the time of the injury. (13 Ency. of Pl. & Pr. 922; 26 Cyc. 1571, citing *Sagers* v. *Nuckolls,* 3 Colo. App. 95, 32 Pac. 187, and *Barowski* v. *Schultz,* 112 Wis. 415, 88 N. W. 236.) In the latter case the court held that where the complaint alleged that plaintiff was on defendant's premises at the latter's request for the purpose of doing certain work on a roof, it does not show that plaintiff was in defendant's employ. So here the mere allegation that Le Sage was performing certain acts ''with the knowledge and consent'' of defendant corporation does not show positively that Le Sage was a servant or employee of the company. (b) There is no allegation of any facts sufficient to constitute negligence on the part of the defendants, or either of them, within the rule prescribed by Revised Codes, section 6532,

or within that rule as so plainly interpreted in *Pullen* v. *City of Butte*, 38 Mont. 194, 99 Pac. 290, 21 L. R. A., n. s., 42. In the complaint under consideration, there is no allegation that any particular lookout was required as a matter of duty, nor the statement of any facts from which the court could infer that a particular kind of lookout was required under the circumstances, and that Le Sage failed to perform such duty. The allegation, therefore, that Le Sage failed to keep a lookout is plainly no fuller nor more satisfactory, as a statement of facts, than the allegation that the city of Butte allowed a certain sidewalk to be out of repair and in a defective condition. This being an action by a person not a passenger, the plaintiff can rely upon no presumption or general rule whatsoever to help him, but must be relegated solely to the very facts which he has seen fit to set forth in his complaint. And this duty the plaintiff has neglected to perform. (*Faris* v. *Hoberg*, 134 Ind. 269, 39 Am. St. Rep. 261, 33 N. E. 1028; *Maenner* v. *Carroll*, 46 Md. 193; *Thiele* v. *McManus*, 3 Ind. App. 132, 28 N. E. 327; *Sweeny* v. *Old Colony & N. R. Co.*, 10 Allen (Mass.), 368, 87 Am. Dec. 644; *Thompson* v. *Flint & P. M. R. Co.*, 57 Mich. 300, 23 N. W. 820; *Ward* v. *Chicago & N. W. R. Co.*, 61 Ill. App. 530; *Chicago & A. R. Co.* v. *Clausen*, 173 Ill. 100, 50 N. E. 680, affirming 70 Ill. App. 550; *Jensen* v. *Wetherell*, 79 Ill. App. 33; *Angus* v. *Lee*, 40 Ill. App. 304; *Consumers' Electric Light & Street R. Co.* v. *Pryor*, 44 Fla. 354, 32 South. 797; *Hayden* v. *Smithville Mfg. Co.*, 29 Conn. 548; *Hewison* v. *New Haven*, 34 Conn. 136, 91 Am. Dec. 718.) In 14 Ency. of Pl. & Pr. 332, the rule is stated as follows: "A general averment that it was the defendant's duty to do the thing alleged to have been omitted is insufficient; the facts or circumstances from which the law will imply the duty should be stated." (*Bucci* v. *Waterman*, 25 R. I. 125, 54 Atl. 1059; *Pittsburg etc. Co.* v. *Lightheiser*, 163 Ind. 247, 71 N. E. 660; *Funk* v. *Piper*. 50 Ill. App. 163; *Jeffersonville etc. Ry. Co.* v. *Dunlap*, 29 Ind. 426; *Buffalo* v. *Holloway*, 7 N. Y. 493, 57 Am. Dec. 550; *Taylor* v. *Atlantic etc. Co.*, 2 Bosw. (N. Y.) 106; *Kennedy* v. *Morgan*, 57 Vt. 46; *Priestly* v. *Fowler*, 3

Mees. & W. 1.)   There is no sufficient allegation of any causal connection between any acts of defendants, or either of them, and plaintiff's alleged injuries.   (See *Lynch* v. *Great Northern Ry. Co.,* 38 Mont. 511, 100 Pac. 616.)

That a street railway company cannot properly be held responsible for the death of a child two and one-half years old which has suddenly and unexpectedly run upon the track five or ten feet ahead of an electric car moving rapidly through a narrow street, and that in such a case the fact that the car was not brought to a full stop within as short a distance as the evidence shows it is possible to bring such a car to a full stop, is insignificant, in view of the fact that even if it had been done, the injury would have resulted.   (See *Miller* v. *St. Charles Street Ry. Co.,* 114 La. 409, 38 South. 401; *Culbertson* v. *Crescent City Ry. Co.,* 48 La. Ann. 1376, 20 South. 902; *Hirschman* v. *Dry Dock etc. Co.,* 29 Misc. Rep. 315, 61 N. Y. Supp. 304; *Adams* v. *Nassau Electric R. Co.,* 41 App. Div. 334, 58 N. Y. Supp. 543; *Callery* v. *Easton Transit Co.,* 185 Pa. 176, 39 Atl. 813; *Louisville Ry. Co.* v. *Edelen,* 123 Ky. 629, 96 S. W. 901; *Benson* v. *C. P. Ry. Co.,* 98 Cal. 45, 32 Pac. 809, 33 Pac. 206; *Baltimore etc. Co.* v. *State,* 71 Md. 590, 18 Atl. 969; *Burke* v. *Broadway etc. Co.,* 49 Barb. 529; *Funk* v. *Electric Traction Co.,* 175 Pa. 559, 34 Atl. 861.)   The fact of injury is not enough.   Negligence of the company must be shown. (*Roller* v. *Sutter St. Ry. Co.,* 66 Cal. 230, 5 Pac. 108; *Squire* v. *Central Park Ry. Co.,* 4 Jones & S. 436.)

*Messrs. Canning & Keating,* and *Mr. J. E. Healy,* submitted a brief in behalf of Respondent.   *Mr. Healy* argued the cause orally.

The case of *Frost* v. *Witter,* 132 Cal. 421, 84 Am. St. Rep. 53, 64 Pac. 707, contains a very full review of the question of amendments to pleadings, and the filing of amended pleadings, and the extent to which the same may go.   The case is very full in its discussion of the authorities, and is cited as a leading case upon this topic.   Within the rules there laid down, there was

no change of the nature and scope of the action, nor the introduction of a wholly different cause of action. (Pomeroy's Code Remedies, 4th ed., secs. 346, 348, 412, 414, 456, 458; Estee's Pleadings, sec. 128; *Buchner* v. *Malloy,* 155 Cal. 253, 100 Pac. 688.) The amendment here in no manner changed the cause of action, for the cause of action consists of that which produces the necessity of bringing the action. (Words and Phrases, 1015; *Doyle* v. *Southern Pac. Co.* (Or.), 108 Pac. 211; Sutherland on Code Pleading, secs. 789, 798, 799.) This court on the former appeal indicated what in its opinion the negligence consisted of, and an amendment made in accordance with such pointing out could not surprise or prejudice or in any way mislead the defendant. (*Finlen* v. *Heinze,* 32 Mont. 354, 80 Pac. 918.) Amendments are the rule, their denial the exception. (*Leggat* v. *Palmer,* 39 Mont. 302, 102 Pac. 329.) A mistake of law is such a mistake as will be permitted to be removed by amendment. This court held that the lower court and plaintiff as well were mistaken as to law, though it was conceded that there was authority in their favor. (*Green* v. *Gavin,* 11 Cal. App. 506, 105 Pac. 761; *Dent* v. *Superior Court,* 7 Cal. App. 683, 95 Pac. 672.) The amendment was properly made and allowed under all weight of authority, and particularly under the system of amendments allowed under a liberal Code practice. (29 Cyc. 1043, note 52; Abbott's Brief on Pleadings, 1802; *Tanner* v. *Harper,* 32 Colo. 156, 75 Pac. 404; *Johnson* v. *Johnson,* 30 Colo. 402, 70 Pac. 692; *Minn. Threshing Co.* v. *Currey,* 75 Kan. 365, 89 Pac. 688; *Lampe* v. *Jacobsen,* 46 Wash. 533, 90 Pac. 654; *Strauhal* v. *Asiatic Co.,* 48 Or. 100, 85 Pac. 230; *Ridings* v. *Marion County,* 50 Or. 30, 91 Pac. 22; *Fell* v. *U. P. Ry. Co.,* 32 Utah, 101, 88 Pac. 1003, 13 Ann. Cas. 1137; *Doyle* v. *S. P. Co.* (Or.), 108 Pac. 201; *Dempster* v. *O. S. L. Co.,* 37 Mont. 335, 96 Pac. 717; *Kent* v. *Zimmerman,* 48 Cal. 388, 110 Pac. 189; *Hershfield* v. *Aiken,* 3 Mont. 442; *Ramsey* v. *Cortland Cattle Co.,* 6 Mont. 498, 13 Pac. 247.) Complaint may be amended although it changes the cause of action and substitutes another belonging to a different class, where the result sought to be reached is the

same.   (*Deyo* v. *Morss et al.,* 144 N. Y. 216, 39 N. E. 81; *Frost* v. *Witter, supra.*)   By pleading over after demurrer overruled, the defendant waived all questions arising upon the special demurrer interposed.   (*Garver* v. *Lynde,* 7 Mont. 108, 14 Pac. 697, and cases cited; *Sams Auto. Car Coupling Co.* v. *League,* 25 Colo. 129, 54 Pac. 643; *Gassen* v. *Bower,* 72 Cal. 555, 14 Pac. 206; *Rooney* v. *Gray,* 145 Cal. 753, 79 Pac. 523.)

It is the common-law duty of a motorman running a street-car in a populous town or city to keep a lookout for persons rightfully on the track and liable to be run over by the cars. (36 Cyc. 1520; *Anniston E. Co.* v. *Elwell,* 144 Ala. 317, 42 South. 45; *Barstow* v. *Capital Tract Co.,* 29 App. D. C. 362; *Louisville etc. Co.* v. *Byer,* 130 Ky. 437, 113 S. W. 463; Thompson on Negligence, secs. 1382–1387, 1424–1428; *Haase* v. *Morton,* 138 Iowa, 205, 115 N. W. 921, 16 Ann. Cas. 350; *Greene* v. *Louisville,* 119 Ky. 862, 84 S. W. 1154, 7 Ann. Cas. 1127, note; *Cornoviski* v. *St. Louis Co.,* 207 Mo. 263, 106 S. W. 51; *McFarland* v. *Elmira etc. Co.,* 136 App. Div. 194, 120 N. Y. Supp. 292; *Murphy* v. *St. Joseph etc. Co.,* 138 Mo. App. 436, 122 S. W. 334; *United Ry. Co.* v. *Carneal,* 110 Md. 211, 72 Atl. 771; *Engvall* v. *Des Moines City R. Co.* (Iowa), 121 N. W. 12; *Wilmington etc. Ry. Co.* v. *Truman* (Del.), 72 Atl. 983.)

In the lower court and in this court it has been claimed that the plaintiff was a trespasser upon the defendant's right of way and franchise, and that the case must, from the standpoint of the complaint and from the evidence as well, be viewed in that light.   We deem such a contention to be clearly erroneous. The right of a railway in a street is only an easement to use the highway in common with the public.   It has no exclusive right to travel upon its track, and it is bound to use the same care in preventing a collision as is the driver of a wagon or other vehicle.   (*Rascher* v. *East Detroit & G. Ry. Co.,* 90 Mich. 413, 30 Am. St. Rep. 447, 51 N. W. 463; *Adolph* v. *Railway Co.,* 65 N. Y. 555; *Government St. Ry. Co.* v. *Hanlon,* 53 Ala. 70; *Shea* v. *Railway Co.,* 44 Cal. 414; 27 Am. & Eng. Ency. of Law, 57; 36 Cyc. 1490–1513.)   No duty need be alleged when the facts

pleaded show that the law itself under the facts imposes a duty. (*Wells* v. *Gallagher*, 144 Ala. 363, 113 Am. St. Rep. 50, 39 South. 747, 3 L. R. A., n. s., 759; *City of Lafayette* v. *West*, 43 Ind. App. 325, 87 N. E. 550; *Pittsburgh etc. Ry. Co.* v. *German Ins. Co.*, 44 Ind. App. 268, 87 N. E. 995; *Apperson* v. *Lazro*, 44 Ind. App. 186, 87 N. E. 97, 88 N. E. 99; 29 Cyc. 567 (b), 569 (f), 572, 573 (g).)

It is said that there is no connection shown as to the defendant corporation from the allegations in the complaint; we consider this contention unsound under Revised Codes, 5077 and 5450, and also that the point is adversely decided against the defendants in *Rand* v. *Butte Electric Ry. Co.*, 40 Mont. 398, 107 Pac. 87. The facts pleaded show the corporation was operating the street-car system and that Le Sage was in charge of the car and operating it as motorman with the knowledge and consent of defendant corporation. These allegations are inconsistent with Le Sage being a lessee or independent contractor, and are only consistent with the relationship of master and servant, none other. (1 Shearman & Redfield on Negligence, 5th ed., sec. 158, and cases there cited.)

The objection that there is not any causal connection between the injury and the negligence which caused it is captious and unfounded. (See *Doyle* v. *Southern Pacific Co.* (Or.), 108 Pac. 201; *Stephenson* v. *Southern Pacific Co.*, 102 Cal. 143, 34 Pac. 619, 36 Pac. 407; *Townsend* v. *City of Butte*, 41 Mont. 410, 109 Pac. 969; *Board etc. of Boone County* v. *Mutchler*, 137 Ind. 140, 36 N. E. 534; *Manning* v. *App. Con. Co.*, 149 Cal. 35, 84 Pac. 657; *Fisher* v. *Western Fuse & Ex. Co.*, 12 Cal. App. 739, 108 Pac. 659; *Galveston Elec. Co.* v. *Wilkins* (Tex. Civ. App.), 121 S. W. 538; *Perryman* v. *Chicago City R. Co.*, 242 Ill. 269, 89 N. E. 980; *Mobile etc. Co.* v. *Hartwell*, 163 Ala. 77, 50 South. 883; *Engvall* v. *Des Moines Ry. Co.* (Iowa), 121 N. W. 12; *Sherman* v. *Southern Pacific Co.* (Nev.), 111 Pac. 420.) Compare the pleading in the case of *Norfolk etc. Ry. Co.* v. *Ormsby*, 27 Gratt. (Va.) 455, as set forth on pages 47, 48, volume 13, Encyclopedia of Forms. See, also, the full note to *King* v.

*Oregon S. L. Co.*, 6 Idaho, 306, 55 Pac. 665, 59 L. R. A. 238. Even though we had not shown such direct connection, the rule announced in *Mize* v. *Rocky Mountain Bell Tel. Co.*, 38 Mont. 521, 129 Am. St. Rep. 659, 100 Pac. 971, 16 Ann. Cas. 1189, would still be applicable. Liability for negligence does not depend upon the question whether the result of the alleged negligent act might reasonably have been foreseen; it is sufficient if the result of the act is the natural, though not the necessary or inevitable, thing to be expected. (*Haase* v. *Morton,* 138 Iowa, 205, 115 N. W. 921, 16 Ann. Cas. 350, and note.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

A statement of the facts of this case will be found in the opinion upon the former appeal. (*Flaherty* v. *Butte Electric Ry. Co.*, 40 Mont. 454, 135 Am. St. Rep. 630, 107 Pac. 416.) Upon the return of the cause to the district court, plaintiff amended his complaint, and the issues being joined, a trial was had, which resulted in a verdict and judgment in his favor for $25,000. Defendants have appealed from the judgment and from an order denying them a new trial.

1. The complaint as originally drawn charged negligence in the operation of the car which resulted in the injury, particularly in that Le Sage, the motorman at the time, failed to turn off the electric current, apply the brakes, and stop the car before striking the child. Upon the former appeal we held that the evidence failed to prove the specific act of negligence thus pleaded. The amendment made to the complaint consists in substituting for the allegation of the specific act of negligence in failing to apply the brakes, etc., an allegation that Le Sage failed to keep any vigilant or proper lookout, whereby he might have seen the child and avoided the injury. It is now insisted that the so-called amendment was in fact the substitution of a different cause of action.

There cannot be any question as to the general rule of law applicable in such cases. In *Leggat* v. *Palmer,* 39 Mont. 302,

102 Pac. 327, this court said: "Under the statute, to allow amendments is the rule; to deny them is the exception. The rule observed by this court has always been to allow them with [1] great liberality, where they do not change the nature of the action, or mislead the adversary to his prejudice; its application going even to the extent of permitting them after verdict and judgment." The only difficulty arises in applying the rule to the facts of the particular case. "To constitute a cause of action for a tort, then, the plaintiff's right must have been infringed by the wrongful act of the defendant, with the result that plaintiff suffered damages." (*Dillon* v. *Great Northern Ry. Co.*, 38 Mont. 485, 100 Pac. 960.) It is alleged in the original and also in the amended complaints that the negligence of the defendants in operating the car caused the injury. May the plaintiff, then, substitute as the charging part of his complaint one specific act of negligence for another, without introducing a different cause of action?

In *Kerr* v. *Grand Forks*, 15 N. D. 294, 107 N. W. 197, the original complaint charged that the injury resulted from negligence of the city in permitting a sidewalk to be constructed in a dangerous manner. The amendment charged that the negligence consisted in permitting the sidewalk to remain in a dangerous condition after the city had notice. It was held that this amendment was properly allowed.

In *Peery* v. *Quincy etc. R. Co.*, 122 Mo. App. 177, 99 S. W. 14, the original complaint charged that the negligence consisted in failing to keep a fence in repair. The amendment charged negligence in maintaining a defective gate. The allowance of this amendment was held proper.

In *Chapman* v. *Nobleboro*, 76 Me. 427, the pleading is not set forth, but in disposing of the objection to the amendment the court said: "The first of the amendments is, not a change in, but an addition to, the description of the alleged defect in the way, and the second relates to the manner in which the accident happened, leaving the accident itself and the result of it the same. There is therefore no change in the cause of action, either

in the alleged defect or the result of it, and the allowance of the amendments was within the discretion of the presiding justice.''

In *Davis* v. *Hill,* 41 N. H. 329, the original declaration charged negligence in permitting a roadway to be uneven and encumbered with snow and ice, by reason whereof the injury resulted. The amendment charged negligence in failing to maintain a railing or barrier along the road, by reason of which the injury ·resulted. It was held that this amendment was properly allowed.

In *Montgomery Traction Co.* v. *Fitzpatrick,* 149 Ala. 511, 43 South. 136, 9 L. R. A., n. s., 851, the original complaint charged that plaintiff was wrongfully ejected from a street-car on the Court street line by the conductor of the car. The amendment charged that the conductor on the Electric Park line negligently tore and mutilated plaintiff's transfer ticket, by reason whereof he was ejected by the conductor of the Court street line. It was held that this amendment was proper.

In *Salmon* v. *City Electric Ry. Co.,* 124 Ga. 1056, 53 S. E. 575, the original complaint charged negligence on the part of the railway company in placing certain poles too near the track. The amendment offered charged negligence on the part of the conductor in failing to warn the plaintiff of the proximity of the poles to the track. It was held error to refuse the amendment.

In *Smith* v. *Bogenschultz,* 14 Ky. Law Rep. 305, 19 S. W. 667, 20 S. W. 390, the original complaint charged that plaintiff's injury was caused by the jostling of a ladle containing molten iron, occasioned by the narrowness of the passageway through which the ladle had to be carried. The amendment charged that the injury resulted from the negligence of defendant in furnishing a defective ladle. It was held error to refuse the amendment.

In *City of Evanston* v. *Richards,* 224 Ill. 444, 79 N. E. 673, the original declaration pleaded negligence on the part of the city in permitting certain boards in a sidewalk to become loose, whereby plaintiff tripped and fell. The amendment charged

negligence in permitting the sidewalk to remain in an unsafe condition, by reason whereof plaintiff stepped upon and broke through a defective board, thereby sustaining the injury. It was held proper to allow the amendment, and in the course of the opinion the court said: "In the case at bar the act or wrong charged was the disregard by the appellant of its duty to keep its sidewalk in safe repair, and in permitting it to be and remain in bad and unsafe repair and condition. In the original declaration the pleader stated the manner in which the condition complained of resulted in the injury to appellee. Upon the trial the proof tended to show the condition complained of was as alleged in the declaration, but that the manner of appellee's injury was not as alleged, but in the manner stated in the amendment. The act or wrong of appellant which resulted in the injury was the same in the original declaration as charged by the amended declaration; the mode or manner in which it resulted in the injury was stated differently."

The theory of all these cases is that, so long as the plaintiff [2] adheres to the injury originally declared upon, he may amend his pleading by alleging that the injury was caused in a different manner, without infringing the general rule against introducing a different cause of action. (1 Ency. of Pl. & Pr. 564.)

In *More* v. *Burger*, 15 N. D. 345, 107 N. W. 200, it is well said: "The test generally adopted to determine whether an amendment is permissible is whether a recovery upon the cause of action set up by the amendment would be a bar to a suit upon the other."

The same injury is described in the original and in the amended complaint in this instance, and relief for that injury is sought in each pleading. The measure of damages is the same in each instance, and that a judgment recovered upon either pleading would bar recovery upon the other admits of no doubt. We approve the action of the district court in allowing the amendment, as well within the rule heretofore announced by this court.

2. It is insisted that the complaint does not state a cause of action against the railway company. It must be admitted at

once that the liability of the railway company for the negligent act of Le Sage is grounded in the rule *respondeat superior,* and in order for that rule to apply the person sought to be charged must stand in the relation of superior to the person doing the wrongful act.   (1 Thompson's Commentaries on the Law of Negligence, sec. 578; *King* v. *New York Central & H. R. R. Co.,* 66 N. Y. 181, 23 Am. Rep. 37; *Hexamer* v. *Webb,* 101 N. Y. 377, 54 Am. Rep. 703, 4 N. E. 755.)   It is urged that the complaint in this instance does not allege that Le Sage was a servant of the railway company; and while the allegation in express terms cannot be found in the amended complaint, and its [3]   absence is scarcely excusable, still, if there are sufficient facts alleged from which such relationship may fairly be inferred, we will not feel justified in reversing the judgment.

The complaint alleges that at the time of the injury the defendant railway company was the owner of, and operating, street-cars on West Park street in Butte, for the purpose of transporting passengers from point to point in the city; that at such time and place Le Sage was in charge of one of said cars, in the capacity of conductor; that at such time and place the car so in charge of Le Sage was proceeding along West Park street between Columbia and Crystal streets; "that the defendant Le Sage was driving said car as motorman, and not acting in his usual and regular capacity as conductor on said car, doing so with the knowledge and consent of the defendant corporation."   In each of the separate answers filed by the defendants, these specific allegations are admitted.   In attempting to charge the relationship of master and servant, it must be conceded that it is not necessary to plead any facts other than those necessary to be proven, in order to establish such relationship when in issue.

In 1 Shearman & Redfield on the Law of Negligence, section 158, it is said: "When the plaintiff has suffered injury from the negligent management of a vehicle, such as a boat, car, or carriage, it is sufficient *prima facie* evidence that the negligence was imputable to the defendant, to show that he was the owner

of the thing, without proving affirmatively that the person in charge was the defendant's servant."

In 1 Thompson's Commentaries on the Law of Negligence, section 580, the same rule is announced as follows: "So it is not necessary to prove an express contract of employment in order to establish the relation of master and servant, but the relation may be implied from circumstances, as where the person committing the wrong is at the time in the actual conduct of the business of another with his seeming consent, in which case that other will be responsible for the wrong done by the former within the scope of the apparent employment, on the ground that he has induced the belief that such person is his servant, and has led another to act upon that belief to his injury." To the same effect are *McCoun* v. *New York Central & H. R. R. Co.*, 66 Barb. (N. Y.) 338; *Growcock* v. *Hall*, 82 Ind. 202; *Norris* v. *Kohler*, 41 N. Y. 42. Even though this complaint may not be a model pleading, we think it fairly appears from it that Le Sage was the servant of the railway company at the time of the injury, and that the rule of *respondeat superior* is properly invoked.

3. It is insisted, also, that the complaint fails to state facts showing a breach of duty on the part of defendants, and also that the negligence alleged was a proximate cause of the injury. [4] The complaint alleges, and the answers admit, that the car was being operated in a public and much-used street in the city of Butte. From this fact it follows that the defendants were under the obligation or duty to keep a vigilant lookout for people who might be rightfully using the street. The general rule, with the authorities supporting it, is found stated in 36 Cyc. 1520, as follows: "It is the duty of the driver or motorman of a street-car to exercise reasonable and ordinary care to discover persons using the street on or near the track, and liable to be injured by his car, in time to avoid injuring them, and if he fails to discover a person on or near the track, when by the exercise of ordinary care he could have done so in time to stop the car or otherwise avoid the injury, it is negligence for which the company is liable."

The complaint alleges that Le Sage, the motorman, at the time failed to keep a vigilant or proper lookout, whereby he might have seen the child before it came into a place of danger. We think the complaint contains a sufficient statement of the duty and breach.

The only specific act of negligence charged is in failing to keep a proper lookout; and the complaint then proceeds: "That [5] by reason of the negligence of said defendants he [plaintiff] was injured." This is a sufficient showing of the causal connection between the alleged act of negligence and the injury. (*Mize* v. *Rocky Mountain Bell Tel. Co.*, 38 Mont. 521, 129 Am. St. Rep. 659, 100 Pac. 971; see, also, same case in 16 Ann. Cas. 1189, and note; *Reino* v. *Montana Min. Land Dev. Co.*, 38 Mont. 291, 99 Pac. 853.)

4. Without reviewing the evidence at length, we think it sufficient to go to the jury upon the question of Le Sage's negligence in failing to keep a proper lookout, and that a verdict was justified if the plaintiff's evidence was treated as true, as it must have been. We cannot agree with counsel for appellants that the evidence is subject to but one construction, *viz.,* that the child appeared on the track under such circumstances as to make its injury unavoidable. There is a sharp conflict [6] in the evidence as to whether a wagon passed the car immediately before the injury happened or whether there was a dust storm which might have interfered with Le Sage in attempting to keep a lookout; and under these circumstances it was proper to submit to the jury the question whether or not the injury was or was not unavoidable. (*Harrington* v. *Butte etc. Ry. Co.*, 39 Mont. 299, 102 Pac. 330.)

5. It is insisted that the verdict returned in this instance is grossly excessive. It has been well said: "To ascertain what is a fair and just compensation for a personal injury is a judicial problem of difficult, if not impossible, solution." In the note to *Cleveland etc. R. Co.* v. *Hadley* (170 Ind. 204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A., n. s., 527), as reported in 16 Ann. Cas. 1, there is a most complete collation of cases involving personal injuries. The cases are carefully analyzed and classified

according to the character of injury and the action taken by the appellate court. A review of those cases involving an injury of the character suffered in this instance discloses that, except in New York and Texas, in every instance where the verdict exceeded $15,000 it has been disapproved, and that in nearly every instance the amount has been reduced to $12,500, or less. While the views of these courts are not binding upon us, they at least indicate in a general way the prevailing opinion as to the reasonableness of verdicts in this class of cases. Considering all the facts and circumstances as disclosed by this record, [7] we think a recovery of $12,500 will compensate for the injury sustained, assuming, as we must, that it is possible to measure in money the extent of an injury which deprives a person of one member of his body.

It is ordered that this cause be remanded to the district court, with directions to grant a new trial, unless within thirty days after the *remittitur* is filed, and plaintiff has notice thereof, he shall file with the clerk of the district court his consent in writing that the amount of the judgment be reduced to $12,500 as of the date of the filing of such writing. If such written consent be filed within the time designated, then the judgment shall be modified accordingly, and as modified shall stand affirmed, and under those circumstances the order refusing a new trial will also be affirmed, with costs to respondent.

*New trial granted nisi.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied April 17, 1911.