JOHN McKINNON, by POPE D. McKINNON,
His father and next friend,

*vs.*

BANGOR RAILWAY AND ELECTRIC COMPANY.

Penobscot.   Opinion March 30, 1918.

*Amendments to declarations.   General rule as to when amendment may be allowed.*

On exceptions to the allowance of an amendment to the original declaration in an action for tort.

After verdict for plaintiff, which was set aside on defendant's motion, the former offered an amendment setting forth defendant's acts of negligence other than those described in the original declaration, and which plaintiff declared were negligent acts of the defendant contributory to the same injury on account of which he brought his suit.   The defendant claims that this amendment was not allowable because it introduced a new cause of action.

*Held:*

1.   A cause of action may be defined, in general terms, to be the invasion of a legal right without justification or sufficient excuse.

2.   The primary right belonging to the plaintiff, the corresponding duty resting upon the defendant, the breach of that right, without justification or sufficient excuse, constitute a cause of action.

3.   Several distinct negligent acts or breaches of duty of one person may contribute to cause an injury to another.   Although any one of these negligent acts may be a ground on which the injured person could present his case, yet, as he has suffered but a single injury, he has only one cause of action.

4.   An amendment alleging other negligent acts of the defendant at the same time, which contributed to the injury, neither changes the form nor the cause of action.

5.   The ultimate duty of the defendant was to so conduct its business as not to injure others.   A breach of that duty, without justification or sufficient excuse, not necessarily the particular manner of that breach, gives the injured party the cause of action.

6   The amendment was properly allowed.

On exceptions to the allowance of an amendment to original declaration.   Judgment in accordance with opinion.

Case stated in opinion.
*W. R. Pattangall, E. P. Murray, and H. E. Locke,* for plaintiff.
*Ryder & Simpson,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, BIRD, PHILBROOK, JJ.

PHILBROOK, J.   This case has been once before this court upon motion by the defendant to set aside a jury verdict rendered in favor of the plaintiff, and is reported in 116 Maine, 289.   The motion was sustained and a new trial granted because the evidence clearly showed that the plaintiff was guilty of negligence in falling upon the fender of the defendant's car, that his negligence contributed to the injuries he received, and that the defendant was guilty of no independent subsequent negligence after the plaintiff's negligence.   Thereupon his counsel, before proceeding to a second trial, presented an amendment to the original writ in the form of two counts.   Against the objection of defendant's counsel the amendment was granted, an exception was taken and allowed, and the case is now before us on that exception. The ground of the objection and exception is that the amendment introduced a new cause of action.

The original declaration, consisting of but one count, alleged in brief that the plaintiff was crossing a street in the city of Bangor, that while he was so doing the defendant ran one of its cars negligently, recklessly, unlawfully, at an excessive speed, without giving due notice of its approach, and thereby struck the plaintiff and threw him upon the fender of the car; that after the plaintiff was so thrown upon the fender, the defendant negligently, recklessly and unlawfully failed to stop the car, so that the plaintiff, lying on the fender, was carried quite a distance to a point where a second car of the defendant was standing stationary on the car track; that the two cars collided, the fender on which plaintiff was lying striking the rear end of the second car and thus the plaintiff received his injuries.   The plaintiff in concluding his count averred that this injuries were "caused wholly by the reckless, negligent and unlawful manner in which the defendant, by its servants, ran and managed its said car," which we interpret to mean the car on which was the fender and which we will call the first car.

The first count in the amendment alleged the negligent driving of the first car in language similar to that used in the original count, but

added that the defendant negligently and carelessly failed to sand the track, so that it was impossible to stop the car; that there was a pail of sand upon the front platform of the first car, on which the plaintiff was being borne to his injury; that the motor man and conductor negligently and carelessly failed to put the sand on the track; that the car slipped and skidded, and that "solely because of the negligence of the defendant and its servants as heretofore set forth" the plaintiff received his injuries. In the same first count of the amendment the plaintiff also averred that the defendant was negligent, through its servants, because the conductor of the second car was absent from, and in the street some distance ahead of the second car; that the motorman of the second car was engaged in an altercation with a person in the street in front of his car, so that neither the conductor nor motorman of the second car, nor any other servant of the defendant, was in the control of the second car; that "because of the negligence of the defendant and its servants, as regards care and control of said second car, and because of the negligence of the defendant and its servants as hereinbefore alleged" the collision and injuries ensued. This count closes with the averment of the plaintiff "that the injuries then and there received by him were caused wholly by the negligence of the defendant and its servants in the operation and care of its cars and care of its tracks as hereinbefore set forth."

The second count in the amendment made no reference to the reckless and rapid driving described in the original declaration, nor to the failure to sand the tracks, but in apt language, similar to that used in the first count of the amendment, alleged negligence on the part of the company in not having the second car under proper control and in proper care of a motorman, conductor, or other servant, and closes with the averment that his injuries "were caused wholly by the negligence of the defendant and its servants in the care and control of its car as hereinbefore set forth."

Did these proposed amendments introduce any new cause of action. We think not, since a cause of action, as defined by *Pomeroy on Remedies*, Sec. 452, and adopted as a proper definition by this court in *Anderson* v. *Wetter*, 103 Maine, 257, is this: "The primary right belonging to plaintiff and the corresponding duty belonging to defendant, and the delict or wrong done by the defendant, consisting in a breach of such primary right or duty, constitute a cause of action." In *Emory* v. *Hazard Powder Co.*, 53 Am. Rep., 730, it is said that "a

cause of action may be defined in general terms to be a legal right, invaded without justification or sufficient excuse. Upon such invasion a right of action arises, which entitles the party injured to some relief by the application of such remedies as the laws afford. But the cause of action and the remedy sought are entirely different matters." Our own court in *Anderson* v. *Wetter*, supra, adds "a cause of action is therefore neither the circumstances that occasioned the suit, nor the remedy employed, but a legal right of action."

In a recent and very exhaustive note upon the subject of causes of action, and amendments to declarations setting out such causes, found in Ann. Cas. 1913 D. at page 742, the annotator says "Several distinct negligent acts or breaches of duty of one person may contribute to cause an injury to another. Although any one of these negligent acts may be a ground on which the injured person could present his case, yet as he has suffered but a single injury he has only one cause of action."

Since this is true the courts, with much uniformity, have allowed amendments alleging additional negligent acts, where the wrong may be composed of various elements, but a violation of the same right. We cite a few instances from cases like the one at bar, where pedestrians or drivers of teams have suffered injuries from being struck by trains or street cars.

In *McIntire, et ux.,* v. *Eastern Railroad*, 58 N. H., 137, the declaration alleged that defendant did not make a safe and convenient crossing for travellers, and negligently suffered it to remain unsafe. The court allowed an amendment adding an allegation of negligence in the management of defendant's locomotive and cars at the time of the collision. The court speaking through Bingham, J., said "The plaintiff alleged in the declaration that the wife was injured by the negligence of the defendants. An amendment alleging other negligent acts of the defendants at the same time, which contributed to the injury, neither changed the form nor the cause of action."

In *Flaherty* v. *Butte Electric Ry. Co.*, 115 Pac. Rep., 40, a child was struck by a street car and injured grievously. In the original declaration the negligence charged was failure of the motorman to turn off the electric current and apply the brakes. The amendment allowed by the court, under objection that a new cause of action was introduced thereby, charged negligence of the motorman to keep a proper and vigilant outlook. In that case the court cited many authorities

sustaining its decision and declared that the theory of all such cases is that so long as the plaintiff adheres to the injury originally declared upon he may amend his pleading by alleging that the injury was caused in a different manner without infringing the general rule against introducing a different cause of action.    Supporting this rule may be cited *Raleigh & G. R. Co.* v. *Bradshaw*, 39 S. E. Rep., 555; *Harris* v. *Central R. R. Co.*, 3 S. E., 35; *Alabama G. S. R. Co.* v. *Chapman*, 3 So., 813.

Allowance of amendments in actions to recover for an injury, by stating therein facts other than were stated in the original declaration, is well illustrated in *Chapman* v. *Nobleboro*, 76 Maine, 427, an action to recover damages for injuries caused by a defective way.    "The first of the amendments," says the court, "is not a change in, but an addition to the description of the alleged defect in the way, and the second relates to the manner in which the accident happened, leaving the accident itself and the result of it the same.    There is therefore no change in the cause of action, either in the alleged defect or the result of it, and the allowance was within the discretion of the presiding justice."

In *Babb* v. *Paper Co.*, 99 Maine, 298, an amendment was allowed giving additional description of the conditions which might make the defendant's operation of an ash hopper negligent; the court declaring that no new cause of action was introduced, since the failure to properly empty the hoppers, or negligently allowing the hopper to become and remain loaded was the principal thing.    See also *Whitney* v. *Gilman*, 33 Maine, 273.

The ultimate duty of the defendant was so to conduct its business as not to injure others.    A breach of that duty, without justification or sufficient excuse, not necessarily the particular manner of the breach, gives to an injured party the cause of action.    Under the well established rules of law we think the amendments offered were properly allowable.

*Exceptions overruled.*